**STATE of Missouri, Plaintiff-Respondent,**

v.

**Percy Lee SIMPSON,
Defendant-Appellant.**

**No. 35864.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 16, 1975.

Motion for Rehearing or Transfer
Denied Oct. 22, 1975.

Christopher T. Hexter, Legal Aid Society, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Percy Lee Simpson appeals from his conviction of burglary in the Second Degree, § 560.045, RSMo 1969. After a hearing out of the presence of the jury, the trial court also made a finding that the defendant had previously been convicted of a felony, to-wit: Stealing from a Dwelling House, §§ 560.156 and 560.161 ¶ 2[1], RSMo 1969, that the evidence satisfied the requirements of § 556.280 RSMo 1969, the Second Offender Act, and, after the finding of guilty by the jury, imposed a sentence of five years in the custody of the Missouri Department of Corrections. This appeal followed.

Defendant does not challenge the sufficiency of the evidence to support the jury verdict. Therefore, a brief statement of the State's evidence, viewed in a light most favorable to the verdict arrived at by the jury, is sufficient.

On June 18, 1973, at about 2:45 p. m., the Reverend Arthur Althoff, a Catholic priest, was seated in his bedroom on the second floor of the rectory of St. Barbara's Catholic Church, located at 1371 Hamilton Avenue in the City of St. Louis, when the door to the rectory study, located adjacent to the bedroom in which Father Althoff was sitting, was opened and he saw a "strange face" peering into the room. The door was immediately closed and he heard footsteps running away from the door. He got up and pursued the fleeing person to the first floor of the rectory where he apprehended a man, later identified as this defendant, as the man was attempting to exit through a window of the rectory office. While he pursued the fleeing man Father Althoff observed that the man was carrying a radio, Father Althoff's personal property, which had previously been on a desk in the second

floor office of the rectory. The man dropped the radio he was carrying on the floor of the rectory office as he was attempting to flee through the window. After the priest apprehended the defendant he called his housekeeper who called the police and notified them of the burglary. Father Althoff observed a tear or rip or cut in the screen or window in the first floor rectory office through which the defendant attempted to flee. He further testified that the only access to the rectory was through the front door and that all of the doors and windows, except for the window in the rectory office, had been closed. He had been in the rectory office until noon on that morning and at that time, although the window was open, the interior screen was in perfect condition. There was also testimony from a police officer attached to the Identification Division of the St. Louis Metropolitan Police Department who testified as a fingerprint expert that he was able to classify a fingerprint found on a cigar box taken from the counting room of the rectory as a fingerprint of the defendant's right ring finger.

Defendant presents to this court two Points—that the trial court erred:

1. in overruling his challenge to one of the veniremen for cause after the juror stated that he would give more credence to the testimony of a priest than that of other witnesses simply because he was a priest, and

2. in giving Instruction No. 3 and in refusing his Instruction No. A, both burden of proof instructions.

We have considered both Points and affirm.

With respect to defendant's first Point, although he states in his brief filed in this court that he had to use one of his peremptory challenges to remove the juror, there is nothing in the record to support this allegation. The record in this court contains defendant's request that the juror be challenged for cause and the trial court's denial of that request. But the record is devoid of any evidence that it was the defendant who removed the juror from the panel by the exercise of a peremptory challenge.

■ The Supreme Court of this state was faced with this same problem in *State v. Londe*, 345 Mo. 185, 132 S.W.2d 501, 504[7] (1939) and there said: "If the State peremptorily challenged the questioned veniremen and appellant was not required to exhaust any of his peremptory challenges in striking said veniremen from the jury list; was appellant prejudiced by the court's ruling, if error? *There is no legal proof in the instant record showing that the State did not peremptorily challenge said veniremen or that appellant was required to exhaust any of his peremptory challenges in removing said veniremen from the trial jury.*" (Emphasis supplied). It is the responsibility of the trial counsel to preserve for appeal a proper record and we may not go outside the record itself to determine issues not properly preserved therein. The record in this case reveals that the juror in question did not serve on the jury which tried this case. However, the record fails to reveal who used a peremptory challenge to remove him from the trial jury. Defendant, in his Statement of Facts in the brief filed in this court, states that he objected to the presence of the juror on the panel after his challenge for cause had been denied; but he does not therein state that he used one of his peremptory challenges to remove the juror from the panel. It is, for the first time, in his Points Relied On that he states: "Appellant was forced to exercise one of his peremptory challenges to his detriment in order to remove Mr. Alexander from the panel." This is unsupported by the record. We rule this Point against defendant.

■ The thrust of defendant's argument on Point II is directed against the inclusion in the burden of proof instruction given by the trial court the phrase "but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt and not a mere possibility of defendant's innocence." He argues that this lightened the State's burden of proof.

This same point has been before the appellate courts of this State on numerous occasions and at the time this case was tried, June 18, 1973, this was the instruction approved by the Supreme Court en banc, *State v. Scott,* 491 S.W.2d 514, 520[11] (1973). We rule this Point against the defendant.

We have examined those portions of the record we are required to by Rule 28.02 and find them to be in order.

The judgment is affirmed.

SMITH, C. J., and STEWART, J., concur.