**STATE of Missouri, Respondent,**

v.

**Robert L. GOREE, Appellant.**

**No. KCD 28575.**

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Terry E. Brummer, Asst. Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

A jury rendered its verdict of appellant's guilt of burglary in the second degree and fixed his punishment at 4 years imprisonment. The court sentenced him to imprisonment in the Department of Corrections for the 4 years set by the jury.

No issue is presented as to the sufficiency of the evidence to sustain the conviction. The sole contention of error is that the court overruled appellant's challenge for cause of venireman Sterling Kelley, thus forcing him to utilize his peremptory challenges, and the court's refusal to sustain the challenge was an abuse of discretion.

The court first introduced counsel for the state: Mr. Earl Seitz, assistant prosecuting attorney, and the court stated that he worked under the supervision of the prosecuting attorney, Milt Harper, and in that same office were Mr. Eric Sower, Mr. John Clark and Mr. David Strauss. No venireman responded that he was a client of or personally acquainted with state's counsel other than simply knowing that Mr. Harper was the prosecuting attorney and Mr. Seitz was the assistant. The state waived the voir dire examination. Appellant's counsel then inquired: " * * * I would further ask this question in regard to possible criminal cases: Is anyone presently a complaining witness in a criminal case, in other words, have you had contact with the Pros-

ecuting Attorney's Office as a complaining witness, anyone? Mr. Kelley, I am aware of the situation you're in. Could you tell me approximately how long that case has been, how long have you had contact with the Prosecuting Attorney's Office? JUROR KELLEY: It began a little over a year ago. My most recent contact was probably a month ago. MR. BRUMMER: Can you tell me about how many conversations you might have had, who you have talked to in the Prosecutor's Office? JUROR KELLEY: Eric Sower is handling the case and I talked to him yesterday, briefly, about it, asking what progress was being made or if the continuance had been set or whatever. MR. BRUMMER: In the past, can you tell us about how many conversations you have had with members of their office? JUROR KELLEY: Oh, I was in probably twice discussing it with them." Appellant's counsel made 10 challenges for cause, including: "Juror No. 14, Sterling Kelley, he's a complaining witness, has had several conversations with the Prosecuting Attorney's Office over the period of more than a year." This challenge was overruled by the court, it stating: "No foundation shown to me, Mr. Brummer, that he's in any way prejudiced. You asked him if he had contact with the police and he indicated yes, he had. I don't think that, the fact that a witness has reported a crime, if you want to develop that, but I don't think you have shown any— * * * MR. BRUMMER: The grounds I allege on 14, I thought, I may be wrong, that he's a complaining witness, not for his familiarity with the policemen but his contacts with the Prosecuting Attorney's Office. THE COURT: I understand. He's like many other people. But there has been nothing further developed whether this in any way causes him to have any preconceived idea, any prejudice. He simply reported that he's been discussing a particular case. I don't think that's grounds in itself. * * * "

■ It seems rather clear from the foregoing that Venireman Kelley had some kind of contact with the prosecuting attorney's office as a complaining witness. It was not developed, however, for the benefit of the trial court or for this court, the nature of the case in which Kelley was involved, or, more importantly, whether that experience would prevent him from entering the jury box with an open mind, without bias and prejudice toward appellant, or without having formed an opinion as to his guilt. The matter can only be reviewed in the posture presented: whether the fact, standing alone, that Kelley was a complaining witness in a criminal case is a basis for sustaining a challenge for cause.

Chapter 546, RSMo 1969, controls the statutory grounds for the challenge for cause of a juror. § 546.140 provides that "No witness in any criminal case shall be sworn as a juror therein if challenged for that cause before he is sworn; and if any juror shall know anything relative to the matter in issue, he shall disclose the same in open court." As noted, it was brought out that Venireman Kelley was a complaining witness in another case, so that matter was disclosed to the court. § 546.150 provides, "It shall be good cause of challenge to a juror that he has formed or delivered an opinion on the issue, or any material fact to be tried, but if it appear that such opinion is founded only on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn." Again, as noted, it was not developed that Kelley had formed an opinion as to the issue, or any fact to be tried, in this case, or that he had a bias or prejudice toward appellant by reason of being a complaining witness in some other criminal case. Absent some inquiry, and a concomitant showing, that Kelley had formed an opinion in this case, or that he had a bias or prejudice against appellant by reason of his being a complaining witness in another case, it cannot be said that the trial court erred in refusing to sustain the challenge.

There is no statutory authority in this state that a venireman is disqualified from being sworn to try a criminal case because he is a complaining witness in another case. It is, however, said at 50 C.J.S. Juries § 230, p. 978, "Independent of statute a juror may be incompetent on the ground of bias if he

is a party to, *or interested in, another suit of the same character* or involving the same controversy, is under indictment for an offense of the same character, or is the prosecuting witness in another case then pending against the same accused for a similar offense." [Italics added.] The facts in the C.J.S. footnoted case show that the reason for the disqualification went farther than the veniremen being mere complaining witnesses in other cases. In *Carr v. State*, 104 Ala. 4, 16 So. 150 (1894), it was developed that juror Neff was a witness before the grand jury in a similar case, that of a banker receiving deposits knowing that the bank was insolvent, and there was a like case pending in court in which Neff was a prosecuting witness against a defendant for receiving a deposit from him knowing, or having had reason to know the bank was insolvent, and Neff believed the defendant was guilty, and in which case Neff would recover, by way of a fine, the amount of his deposit. These additional facts caused the court to hold that Neff should have been discharged as a juror upon defendant's challenge for cause. In *Durham v. State*, 182 Tenn. 577, 188 S.W.2d 555 (1945), footnoted at 47 Am.Jur.2d, Jury, § 272, p. 848, juror Meador answered on voir dire examination that he had no court experience except that he was called as a juror at the present term of court in the case of *State v. Ray Dean*, and was excused. He did not reveal the facts of at least two experiences in court of "exceptional character": one in which he had been a defendant, was found guilty and served a term in prison; and in the other he was prosecutor on an indictment for a grave offense of a character similar to that of the case he had been called to try as a juror. The court posed the question that did not these facts give rise to a legal presumption of the want of impartiality which the constitutional requirement contemplated, and reversed and remanded the case for new trial. These facts distinguish the *Carr* and *Durham* cases from the one here presented.

*State v. Land*, 478 S.W.2d 290, 292[3] (Mo. 1972), cited by appellant, did not reverse the conviction because the juror had been a

victim, but on his admission of possible prejudice as a result of having been a victim. In *State v. Green*, 511 S.W.2d 867, 876[15] (Mo. 1974), there was a contested inclusion of a juror who had been a victim of a crime, but from whom it was developed that the juror could differentiate his former experience from that on trial, and he could be fair to the state and to the defendant. Held, "On this record it may not be said that the court abused its discretion, because the sense of the examination is that the juror would base his verdict solely on the evidence." So also in *State v. Daugherty*, 484 S.W.2d 236, 237[1] (Mo. 1972). In *State v. Harris*, 425 S.W.2d 148, 154, 155 (Mo. 1968), the challenge to the venireman was on the ground that his experiences in connection with two other burglaries of his home and theft of his car would affect his "feelings" in the case [inferentially, appellant's contention here], but the court held that there was no abuse of discretion in refusing to sustain the challenge, saying, "A determination by the trial judge of the qualifications of a venireman necessarily involves a judgment based on an observation of the demeanor of the venireman and, in the light of that observation, an evaluation and interpretation of his answers as they relate to whether he would be fair and impartial if chosen as a juror." See also *Humphrey v. State*, 502 S.W.2d 251 (Mo. 1973). Manifestly, what may be gleaned from these cases, and the statutes, is that something more than the venireman having been the victim or complaining witness in another crime must be shown so as to indicate a bias or prejudice as grounds for a challenge for cause. The trial court did not err in ruling that no foundation had been laid for the challenge for cause.

■ A further reason, aside from the foregoing, exists for denying relief to appellant in this case. Although appellant stated in his motion for new trial and here states in his brief that he was forced to expend one of his peremptory challenges to remove Venireman Kelley, the record does not bear that out, and it is not conceded in respondent's brief. This alone is enough to

deny the contention. *State v. Londe*, 345 Mo. 185, 132 S.W.2d 501 (1939); and see *State v. Simpson*, 529 S.W.2d 19 (Mo.App. 1975).

■ Appellant more than somewhat obscurely contends in argument that not only was Venireman Kelley the prior victim of a crime, but he was also involved with the prosecutor's office. He says, "In effect, the state was serving as his counsel at the time of appellant's trial." It does not appear that Kelley was involved with the prosecutor's office any more than being a complaining witness, as, for instance, by being represented by the prosecutor or someone in his office, in a civil matter as might give a right of challenge for cause under § 495.-150, applicable to Boone County, Missouri. The prosecutor represents the state, and not a complaining witness because he is retained by the state for the prosecution of persons accused of crimes. *State, on Inf. McKittrick v. Wymore*, 345 Mo. 169, 132 S.W.2d 979, 986 (banc 1939); *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d 590, 593 (banc 1953). This contention is without merit.

The judgment is affirmed.

All concur.