STATE of Missouri, Respondent,

v.

Steven MORRISON, Appellant.

No. 59992.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1977.

J. Martin Kerr, Independence, for appellant.

Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This appeal is from a conviction for a sale of 1000 amphetamine pills. A jury found the defendant guilty but was unable to agree on punishment. The trial court sentenced defendant to thirty years imprisonment.

The court of appeals, Kansas City district, affirmed the conviction, ruling, among other points, that defendant was not in position to challenge the alleged error of the trial court in failing to sustain his challenge for cause of a venireman. The court of appeals ruled that defendant must either have used one of his peremptory challenges to remove the juror or else have exhausted them elsewhere, before he could complain on appeal.[1] The cause was ordered transferred here on the application of defendant, largely because of the above ruling on the juror question. We reach the same result as the court of appeals, but reject the view as to what defendant must do to be in position to raise the juror matter on appeal.

This appeal involves the second of the two offenses described in *State v. Morrison*, 545 S.W.2d 376 (Mo.App.1976). It was tried in the same county approximately one month after *State v. Morrison*, supra, was tried.

---

1. By stipulation filed in this court, the parties agree that defendant did, in fact, use one of his peremptory challenges to strike the venireman in question.

The evidence in the present case is similar to the evidence in the first case. The same highway patrolman testified to a sale of 1000 tablets, identified the defendant, described his appearance at the time of the sale and identified a picture taken June 2, 1974, thirty days after the alleged sale as being a picture of the defendant. The state was careful in the second trial not to have the trooper testify any way as to the sale of the 100 tablets which constituted the basis for the first charge. The trooper testified as to May 1 activity only that he had made an arrangement for the sale on May 2 which constituted the basis of the charge in the present case.

■ Defendant asserts the trial court erred in failing to strike venireman Sharon Pierson for cause, she having, in response to a question asking if any of the panel had read or learned about the case in the radio, newspapers or otherwise, answered, "I read about it, the previous trial", apparently referring to defendant's trial a month earlier on a similar charge, but that she had formed no opinion as to guilt or innocence. The court of appeals overruled the claim of error on the part of the trial court in overruling the challenge for cause, but, as said, did so on the ground that defendant was not in a position to raise the point because he failed to show that she served either because defendant's peremptory challenges were exhausted or else that she was removed by his exercising one of his peremptory challenges, citing *State v. Londe*, 345 Mo. 185, 132 S.W.2d 501, 504 (1939) and *State v. Simpson*, 529 S.W.2d 19, 21 (Mo. App.1975). This holding is not correct. Under the law defendant is entitled both to a qualified panel *and* the statutory number of peremptory challenges. He need not sacrifice one to the other. The law was well stated by Somerville, J., in *State v. Thompson*, 541 S.W.2d 16, 17 (Mo.App.1976) as follows:

This state has steadfastly hewed to the proposition that an accused in a criminal case must be afforded a full panel of qualified jurors before he is required to expend his peremptory challenges, and

denial by a trial court of a legitimate request by an accused to excuse for cause a partial or prejudiced venireman constitutes reversible error. *State v. DeClue*, 400 S.W.2d 50 (Mo.1966); *State v. Land*, 478 S.W.2d 290 (Mo.1972); *State v. Lovell*, 506 S.W.2d 441 (Mo.banc 1974). This proposition is rooted in the constitutionally guaranteed right of every accused to a "public trial by an impartial jury", Mo. Const. Art. 1, Sec. 18(a), and personifies a dedicated judicial effort to preserve inviolate this constitutionally guaranteed right in the broadest sense. Experience has taught that it is not always possible to objectively demonstrate juror partiality. Not infrequently, juror partiality is subtle, elusive, and highly subjective. When juror partiality is capable of being objectively demonstrated, challenges for cause have been devised as a means for achieving impartial jury. When juror partiality is sensed, but incapable of being objectively demonstrated, peremptory challenges have been devised as a means for achieving an impartial jury. Together, they serve the ultimate goal of obtaining a jury free from the taint of both objectively demonstrated and subjectively sensed partiality. Purity of the right to be tried by an impartial jury is so zealously guarded that an accused may covet his peremptory challenges and "spend" them as he alone sees fit. Therefore, if an accused is not presented with a full panel of jurors objectively demonstrated as qualified before he exercises his peremptory challenges, his given number of peremptory challenges is proportionately reduced and his right to "spend" them as he alone sees fit is accordingly impinged. The strength and integrity of trial by jury in a criminal case lies in the composite impartiality of the jury finally selected to try a particular case, and both are eroded to an unknown extent when even a single or isolated instance of partiality creeps in, whether objectively demonstrated or subjectively sensed.

In one of the cases in point cited in the above quotation, *State v. DeClue*, 400 S.W.2d 50, 57 (Mo.1966), we said:

If such a juror [referring to one who should not be permitted to remain on the panel] serves in the trial of a criminal case, the defendant thereby takes on a burden which he is not supposed to have. If such prospective juror does not serve only because he is removed on the basis of the exercise of one of defendant's peremptory challenges, the defendant thereby has fewer than the number of true peremptory challenges to which he is entitled.

In *State v. Land*, 478 S.W.2d 290, 292 (Mo.1972), we reiterated that it is the "settled law" of this state "that the defendant in a criminal case is entitled to a full panel of qualified jurors before he is required to make his peremptory challenges."[2] The court there held the trial court should have sustained defendant's challenge for cause "and not have preempted one of the peremptory challenges accorded appellant by the laws of this state." Id.

In *State v. Hirsack*, 465 S.W.2d 543, 545 (Mo.1971), we said: "There is no doubt or question as to the rule upon which appellant relies, aside from the statutory grounds of challenges for cause he is entitled to a qualified panel, and, as in this case, may not be compelled to exercise peremptory challenges to rid the panel of disqualified jurors . . . ."

In *Theobald v. St. Louis Transit Co.*, 191 Mo. 395, 90 S.W. 354, 361 (1905), a civil suit for damages, the court said:

Under our statute each party is absolutely entitled to three peremptory challenges. The statute also gives parties litigant the right to challenge a juror for cause. If error appears in the ruling of the court on a challenge for cause, that question should be decided wholly independent of any consideration of whether the party litigant had or had not exhausted his peremptory challenges. In other words, the statute provides for two classes of challenges, one for cause and the other peremptorily without assigning any cause. And in the determination of the question of the propriety of the ruling upon a challenge for cause, it is improper to mix with it a consideration of the question as to whether or not the complaining party had exhausted his peremptory challenges.

This sound reasoning applies equally to a criminal case.

To the same effect is *Golden v. Chipman*, 536 S.W.2d 761, 762–63, (Mo.App.1976), where the court said:

We note parenthetically that plaintiffs did not pursue their unsuccessful challenge to venireman Duffy by peremptorily challenging him. Plaintiffs contend, and defendant does not deny, that plaintiffs did not thereby waive their challenge for cause. We agree, since a litigant is entitled to a full panel of qualified jurors before making peremptory challenges.

We therefore conclude and rule that the defendant in the present case did not waive his right to challenge on appeal the action of the trial court in overruling his challenge to the prospective juror for cause regardless of whether his peremptory challenges were already exhausted or, if not, whether he used a peremptory challenge to dispose of the juror. Cases to the contrary are overruled.

■ However, while defendant is in a position to raise the point on appeal, his claim fails because what the juror said, as set forth above, is not sufficient, by itself, to convict the trial court of error in overruling the challenge and defendant did nothing further by way of interrogation of the juror to show what her views were beyond the foregoing. It does not follow from what she said that she necessarily was not impartial. On the scanty record before us, defendant has failed to show that the trial

---

**2.** The present is not a case where it cannot be determined from the record whether the venireman may actually have been stricken peremptorily by the state. We express no opinion as to whether the failure of the trial court to sustain defendant's challenge for cause can, in a case where the state makes such strike or where the record on appeal does not disclose whether the venireman may have been stricken by the state, be error as to the defendant.

court was in error in overruling the challenge.

■ Defendant contends his sentence of 30 years constitutes cruel and inhuman punishment in violation of his constitutional rights, state and federal. The sentence of 30 years is severe. The sentence is by far the longest in our jurisdiction for the offense of selling amphetamines, at least among those convictions which were the subject of appeals. The trial judge, as soon as he excused the jury following trial, announced his intention of fixing punishment at 30 years. He unquestionably was influenced, and so indicated, by the evidence introduced at trial without objection that defendant was prepared to provide many times the 1000 pills, the sale of which resulted in his conviction. The trial judge was also personally aware, having presided at the first trial, of the conviction which was the subject of *State v. Morrison*, supra, where a jury gave this defendant five years for selling 100 amphetamines, an offense which occurred the day before he sold the 1000 which are involved in the present case. Under the circumstances we do not believe the punishment assessed in the present case is violative of the constitutional provisions invoked.

Defendant has other points which we have considered and overruled but we do not, however, lengthen this opinion by setting them forth. One of them—unconstitutionality of the Missouri provisions requiring the court to excuse women from jury service on request—has been ruled to the contrary in *State v. Duren*, 556 S.W.2d 11, decided by this court on September 27, 1977 and, further, this claim in not supported by any evidence that the panel was not representative. The others do not involve novel questions or matters with respect to which an opinion would be of precedential value.

Judgment affirmed.

MORGAN, C. J., and BARDGETT, FINCH and RENDLEN, JJ., concur.

HENLEY and DONNELLY, JJ., concur in result.