STATE of Missouri, Plaintiff-Respondent,

v.

Ronald Eugene MEARS, Defendant-Appellant.

No. 10915.

Missouri Court of Appeals, Southern District, En Banc.

Oct. 3, 1979.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Harry Rupert Stafford, Jr., Hartville, for defendant-appellant.

BILLINGS, Judge.

Defendant Ronald Eugene Mears was jury-tried and convicted in Ozark County of stealing neat cattle, a Hereford calf, in violation of § 560.156, RSMo 1969, and sentenced to three years imprisonment. We affirm.

There was ample evidence presented by the prosecution from which the jury could find that defendant and his brother killed and butchered a calf on the Freeman farm near Dora, Missouri, and absconded with the meat. No evidence was offered by the defendant.

■ Defendant's principal point is directed to the make-up of the jury that convicted him. On the morning of trial he moved to quash the venire, stating that "the discrimination against women on the venire

does not represent an accurate representation of the population of the county." No evidence was offered in support of the oral motion and it was overruled. Here, defendant alleges the court's ruling on his motion to quash denied him due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10, of the Missouri Constitution because no women were members of the venire and thus it failed to represent a reasonable cross section of the population of Ozark County.

Constitutional challenges to alleged discriminatory jury selection usually seek to invoke the Sixth Amendment trial by jury right which includes the right to a jury selected from a fair cross section of the community [*Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), and *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)], the Due Process Clause of the Fourteenth Amendment [*Peters v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972)], or the Equal Protection Clause of the Fourteenth Amendment [*Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972)]. Because defendant herein deems *Duren* to be the authority for his challenge to the exclusion of women from the jury venire in Ozark County, we conclude he is claiming a violation of his Sixth Amendment right to a jury selected from a fair cross section of the community.[1]

Division Three of this Court recently considered the "fair cross section of the community" requirement of the Sixth Amendment in *State v. Montjoy,* 587 S.W.2d 624 (Mo.App.1979). In rejecting defendant's contention, the Court, speaking through Hogan, J., said:

"  .  .  .  There is no doubt that such right inheres in the Sixth Amendment, *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), nor is there any question that the 'fair cross section' requirement is applicable to the states,

**1.** For differences and distinctions between the various constitutional challenges to jury-selection see; *Duren v. Missouri,* 99 S.Ct. at 670, n. 26 and dissenting opinion by Mr. Justice Rehnquist.

*Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), but defendant mistakes the nature of the right he claims was violated. The fair cross section requirement is not directed to the composition of a particular array or poll, *Swain v. Alabama,* 380 U.S. 202, 208, 85 S.Ct. 824, 829, 13 L.Ed.2d 759, 766 (1965); it is directed to the method of selecting potential jurors from the members of the community. *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 668 and n. 20, 58 L.Ed.2d 579, 586–587 and n. 20 (1979). In *Duren,* the court held that a criminal defendant claiming violation of the fair cross section principle has the burden to prove: (1) that the group allegedly excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."

In *Montjoy,* defendant's contention was denied because the record did not show systematic exclusion of any "distinctive" group [Blacks] from the venires summoned in Scott County, Missouri.

Here, in his brief, the defendant asserts the Ozark County venire did not contain any women; that although the summons to the jury contained the names of some women, none appeared in the venire on the day of defendant's trial. There is no evidence in the record before us to support prongs (2) and (3) of the *Duren* test. Assertions set forth in defendant's brief, without evidentiary support, are not sufficient.[2]

In *Duren* there was evidence of the jury-selection process in Jackson County, Missouri, which lead the court to conclude that there had been a systematic exclusion of women in jury venires. *Duren,* laboriously reviewed the Jackson County procedure, noting: the annual questionnaire to persons randomly selected from voter registration lists contained a paragraph (described as "prominent") which advised women they could elect not to serve; the summons to prospective jurors told women to return the summons if they did not desire to serve; and women who did not return the summons but failed to appear were treated as having claimed exemption under Missouri law[3] permitting women to "opt out" from jury service. From these facts, census figures, and a head-count of women on jury venires, the court concluded the jury venires in Jackson County averaged less than 15% females and this resulted in a violation of the Constitution's fair-cross-selection requirement.

Defendant's failure to prove a systematic exclusion of women from Ozark County is fatal to his claim and the point is denied.

■ Defendant assigns error in the trial court's refusal to strike for cause two veniremen and claims he was required to exercise peremptory challenges on these two panel members. The record does not support defendant's contention and the state does not concede the same. The failure of the record to bear out defendant's assertion is, in itself, sufficient to deny the point. *State v. Goree,* 546 S.W.2d 785 (Mo. App.1977). We have read the voir dire examination of the two veniremen and find no abuse of discretion by the court in denying defendant's challenges for cause. Of necessity, the trial court has very wide discretion

---

2. The transcript shows the following:

*Defendant's Attorney:* "We move to quash the entire venire panel for the reason that the discrimination against women on the venire does not represent an accurate representation of the population of the county."

*Prosecuting Attorney:* ". . . I would like for the record to show that the summons for a jury . . . shows that there are at least—well, there are five females listed as alternates on this panel, and I believe that the cases in Missouri would place a burden upon [defense counsel] and the defendant to show that there was systematic exclusion of women or females from the panel, and I just don't believe that that can be shown today."

*Court:* "Motion to quash the jury panel denied."

3. Mo.Const. Art. 1, § 22(b); § 494.031(2), RSMo 1978.

in determining the qualifications of prospective jurors and its ruling is not to be disturbed on appeal unless it is against the evidence and constitutes a clear abuse of discretion. *State v. Treadway,* 558 S.W.2d 646 (Mo. banc 1977).

We have reviewed defendant's remaining points and find no reversible error. The information was sufficient, allocution was granted, and sentence and judgment responsive to the verdict of the jury.

The judgment is affirmed.

All concur, except TITUS and GREENE, JJ., recuse.