**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Theorist EALY, Defendant-Appellant.**

**No. WD 32271.**

Missouri Court of Appeals,
Western District.

Oct. 27, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Defendant appeals a judgment and conviction upon a jury verdict of guilty of three counts of sale of a controlled substance, § 195.020 RSMo 1978. The sentence was for five years on each count to run concurrently. The controlling issue requiring reversal is the defendant's claim that the trial court erred in overruling a challenge for cause to a juror.

Only a brief statement of facts is required. The state's evidence consisted of testimony by an undercover police officer and a chemist employed by the police laboratory. The policeman testified that he accompanied an informant to an apartment where he purchased two "Demerols" from defendant. He further testified that he returned to the same apartment on two other occasions, each time purchasing several Percodan tablets from the defendant.

An expert in forensic chemistry, employed at the police laboratory, testified that a tablet from the first purchase contained pethidine and that tablets from the two later purchases contained oxycodene.

Defendant took the stand and claimed that she had never seen the police officer prior to trial, and specifically denied selling him Demerols or Percodans at any time. She said she was not occupying her apartment on one of the dates the sales took place. She said she was staying with her mother in another apartment in the same building following the death of her father. Under this evidence, the issue of guilt or innocence turned on the credibility of the police officer.

In this factual context, the defendant asserts the trial court erred in overruling the defendant's challenge for cause directed to juror Cota. The issue developed in the voir dire when defense counsel asked, "Is there anyone whose friends or family members have worked in the criminal justice system?" Venireman Cota replied that a cousin was with the F.B.I. and a former son-in-law was a police officer. The dialogue continued:

MR. ROGERS: . . . First of all, did you form any general impression of the honesty or dishonesty of either or both of these men?

MS. COTA: Yes.

MR. ROGERS: Different impressions or the same impression?

MS. COTA: No, the same.

MR. ROGERS: Okay. Was that a good impression?

MS. COTA: Yes, I think both are very dedicated.

MR. ROGERS: As I understand, both of these are the only two police officers you have known personally?

MS. COTA: Yes.

MR. ROGERS: Would you tend to think that since both of the police officers you knew personally were honest people that the State's witness, who is also a police officer, would be honest?

MS. COTA: Yes. I might tend to think that.

MR. ROGERS: You would tend to think that any more than anyone else who will testify that is not a police officer?

MS. COTA: I don't know. I might be more prejudiced that way.

MR. ROGERS: You might be more likely to believe a police officer than another witness, just because he's a police officer?

MS. COTA: Probably.

MR. ROGERS: Thank you very much.

No further questions were asked of Ms. Cota by counsel or the court, and the defendant's challenge for cause was overruled. The record shows that Ms. Cota did not serve on the jury, but it does not indicate whether defendant used one of her peremptory challenges to remove Ms. Cota from the panel.

The state first argues that the matter is not preserved. The argument is that under this record the juror may have been excused by the court on some other ground or may have been removed from the panel by peremptory challenge by the state. Cited in support are *State v. Webster*, 539 S.W.2d 15 (Mo.App.1976); *State v. Tippett*, 317 Mo. 319, 296 S.W. 132 (1927); *State v. Brauch*, 529 S.W.2d 926 (Mo.App.1975); *State v. Battles*, 357 Mo. 1223, 212 S.W.2d 753 (1948); *State v. Mears*, 588 S.W.2d 519 (Mo. App.1979).

The state argues that defendant's point is not properly before this court for review because the record fails to show whether defendant was forced to expend a peremptory challenge to remove Ms. Cota from the jury panel and Ms. Cota did not serve on the jury. The state's argument and its cited cases fail to address *State v. Morrison*, 557 S.W.2d 445 (Mo. banc 1977), which held that a defendant need not show that he has exhausted his peremptory challenges or that he used a peremptory challenge to dispose of the venireman in order to challenge on appeal the action of the trial court in overruling his challenge for cause. *Id.* at 447; *State v. Taylor*, 602 S.W.2d 820, 822 (Mo.App.1980); *State v. Watson*, 595 S.W.2d 754, 756 (Mo.App.1980). In so holding, the court in *Morrison* reiterated the well-settled principle in Missouri that a defendant is entitled to a full panel of qualified jurors before the exercise of his peremptory challenges. *State v. Lovell*, 506 S.W.2d 441, 443 (Mo. banc 1974).

What is troublesome is that the *Morrison* opinion in a footnote, *supra* at 447, n. 2, reserved opinion on the issue presented when the record on appeal does not disclose whether the venireman may have been stricken by the state. The record presented in this case falls within the footnote in *Morrison* because this record does not show in what manner Ms. Cota was removed from the jury panel. In the circumstances

of this direct appeal, with the possibility of the issue recurring by way of other post-conviction relief, it seems sensible to determine the question on the first appeal without delaying the matter until the record is corrected in some future post-conviction proceeding.

Exercising the discretion confided in this court with respect to the supplementation of the record on appeal, Rule 81.12(e), the jury list in the trial of this case has been ordered filed by the clerk of the trial court.

Examination of this document reveals that Ms. Cota was juror number 26 in a panel of 40 jurors and that jurors 9 and 10 were excused. Ms. Cota was, therefore, one of the panel of 24 required under § 546.210. The additional jurors present during voir dire were excused as surplus. The document further reveals that the defendant exercised his sixth and last peremptory challenge to remove Ms. Cota from the jury panel. In the light of that supplemental information, the question is squarely presented as to whether or not Ms. Cota was a qualified juror in this case.

 In qualifying a panel of jurors, the narrow statutory exclusions listed at § 546.-100–.150 RSMo 1978 are not exhaustive. To be a competent juror an individual must be in a position to enter the jury box disinterested and with an open mind, free from bias or prejudice. *State v. Pride*, 567 S.W.2d 426, 432 (Mo.App.1978); *State v. Carter*, 544 S.W.2d 334, 337 (Mo.App.1976). A defendant has the right to be judged by fair and impartial jurors who will accord each witness's testimony the weight to which it is entitled, and a venireman whose answers indicate that he cannot do this should be discharged for cause. *State v. Dickerson*, 588 S.W.2d 190, 192 (Mo.App. 1979); *State v. Spidle*, 413 S.W.2d 509, 512 (Mo.1967); *State v. Thrift*, 588 S.W.2d 525, 528 (Mo.App.1979). Concomitantly, the failure of the trial court to excuse for cause a legitimately challenged venireman is reversible error. *State v. Pride, supra* at 432. Since the retention of a questionable juror might result in the ultimate necessity of a new trial, "[e]rrors in the exclusion of po-

tential jurors should always be made on the side of caution." *State v. Carter, supra* at 338.

 Rulings on challenges for cause lie generally within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *State v. Royal*, 610 S.W.2d 946, 950 (Mo. banc 1981). Likewise, all doubt as to the propriety of a ruling with respect to the qualifications of a juror is normally resolved in favor of the trial court. *State v. Stewart*, 596 S.W.2d 758, 760 (Mo.App.1980).

 The broad discretion granted the trial judge is predicated in part, however, upon the requirement that the trial judge carefully consider the responses of the prospective jurors on voir dire and make an independent evaluation as to their qualifications. *Lovell, supra* at 444. The absence of an independent examination by the trial judge justifies a more searching review by an appellate court of the challenged juror's qualifications. *State v. Holliman*, 529 S.W.2d 932, 939 (Mo.App.1975); *State v. Hall*, 612 S.W.2d 782, 785 (Mo.1981). In instances where a prospective juror gives equivocal answers which reveal uncertainty as to his ability to be impartial, the failure of the trial judge to further question the juror to explore possible prejudice may undercut any basis for the trial judge's exercise of discretion and constitute reversible error. *Lovell, supra* at 444; *State v. Land*, 478 S.W.2d 290, 292–93 (Mo.1972); *Carter, supra* at 337.

In numerous Missouri cases, no error has been found where the trial court overruled a challenge for cause to a venireman who initially expressed a tendency to believe a police officer over other witnesses, but who upon further questioning indicated an ability to evaluate all testimony by the same standard and accord both sides a fair trial, *e.g., Dickerson, supra* at 192–93; *State v. Pitchford*, 556 S.W.2d 57, 61 (Mo.App.1977); *State v. Wraggs*, 512 S.W.2d 257, 259 (Mo. App.1974).

 In the present case, venirewoman Cota stated that she "might be more

prejudiced" in favor of a police officer's testimony and that she would "probably" believe a police officer over another witness. The trial court made no attempt to clarify Ms. Cota's position by questioning her further concerning her ability to be a fair and impartial juror. Given that failure, it is impossible to discern the basis for the trial judge's decision to not exclude Ms. Cota for cause. Where the trial judge was able to elicit clarifying answers which removed the uncertainty concerning the venireman's qualifications, and so gave the reviewing court a basis for deciding that the trial court had not abused its discretion, the decision may be sustained. Only the equivocal remarks of Ms. Cota which cast grave doubt on her ability to fairly weigh testimony, *State v. Spidle*, 413 S.W.2d 509 (Mo.1967), are present in this case.

In *Carter*, the venireman, a former policeman, stated he would be more inclined to believe the testimony of a security officer or a policeman. In reversing the trial court's failure to strike the venireman for cause, the opinion focused on the failure of the trial court to further question the juror to explore possible prejudice. Ms. Cota's equivocal answers were substantially the same as those of the juror in *Carter*. In *Spidle*, a case involving an assault on a state trooper, the challenged venireman had read of the case in a newspaper and testified that he might be prejudiced toward the trooper and that he would have to take the trooper's word over the newspaper account. Holding that the venireman should have been excused for cause, the opinion in *Spidle, supra*, declared that "a defendant in a criminal case should not have to start out with a juror who feels that . . . he would have to take the word of the prosecuting witness."

In applying these principles to the facts of the instant case, it is to be noted that this case is one in which credibility of the police officer was directly contrasted with the credibility of the defendant who denied ever having made the sales about which the policeman testified. The police officer, in his testimony, gave conflicting evidence concerning the appearance of the apart-

ment where the sales were made, both as to the interior of the apartment and the location of the apartment in the building itself. In a colloquy between the court and the counsel out of the hearing of the jury, the court described this testimony of the police officer as "incredible" and at the hearing on the motion for new trial, the court characterized the evidence of the police officer as "not as satisfactory as it might be." Additionally, it is worth noting that the jury requested of the court the exhibits showing the interior and exterior of defendant's apartment and the transcript of the witness's testimony. The court was unable to furnish the transcript, but the exhibits went to the jury. The jury imposed only the minimum punishment prescribed for the violation charged, together with a recommendation that the sentences be served concurrently. The record in this case thus discloses a close question and one where the possible bias of a juror towards the testimony of a policeman could very well have had an effect upon the deliberations of the jury. It must be concluded that the failure of the trial court to sustain the defendant's challenge for cause to Ms. Cota constituted reversible error. The defendant's claim of error as to the admission of expert testimony is unlikely to recur in view of the briefing, and the probation issue is moot.

The circumstances of this case impel reiteration of the court's comment in *Carter, supra* at 338:

> One final comment seems appropriate. In our opinion, retention of a juror as questionable as Juror Whaley and the resulting necessity for a new trial is an illogical expenditure of the citizenry's time and money in light of the large pool of potential jurors made available for service in criminal cases. Errors in the exclusion of potential jurors should always be made on the side of caution. See also *State v. Gordon*, 543 S.W.2d 553, No. 28173 (Mo.App. KCD 1976).

The court in the instant case had nine other jurors to whom no objection appears to have arisen. If the salutary practice of

withholding rulings on all challenges until the conclusion of voir dire had been followed, this reversal would have been unnecessary. The doubt could have been resolved by sustaining the challenge.

Reversed and remanded for a new trial.

All concur.