**STATE of Missouri, Plaintiff-Respondent,**

v.

**Favol McCORMACK, Defendant-Appellant.**

**No. 49149.**

Missouri Court of Appeals, Eastern District, Division Six.

Nov. 12, 1985.

Wayne T. Schoeneberg, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Defendant appeals from a conviction by a jury of possession of marijuana in violation of § 195.020, RSMo.1978. Pursuant to § 195.200.1, RSMo.1978, the court sentenced defendant to five years' imprisonment. While defendant now claims three points of error the controlling issue requiring reversal is his second charge that the court erroneously restricted the voir dire examination.

Only a brief statement of facts is required. Defendant in this case was the driver and co-owner of a vehicle containing two other passengers that was detained for a traffic offense. Trooper Robinson, the only officer on the scene, detected an odor of marijuana on defendant's person. He then searched the vehicle and discovered some Tupperware containing what was later determined to be marijuana under the passenger seat. The passengers denied any knowledge or ownership of the marijuana. Trooper Robinson testified the defendant at first denied that any marijuana was in the car, but after the discovery of the Tupperware defendant said it belonged to his wife's girlfriend. The validity of the state's case was totally dependent upon Trooper Robinson's credibility.

Defendant claims the court erroneously restricted the voir dire examination by not permitting his counsel to inquire whether or not a juror would tend to believe a police officer's testimony more than that of a lay person. We must agree and for the reasons set forth herein, we reverse and remand for a new trial.

This issue developed during the voir dire examination when counsel for the defendant posed the question: "Do any of you feel that police officers always tell the truth and would never tell a lie?" The following colloquy ensued:

Q. Mrs. Clemonds I noticed the curl at the side of your lips. Do you have some response to that? I don't want to pick on you.

A. No, I have no response.

Q. Yes, ma'am? Mrs. Gregory?

A. Venireperson Gregory—Yes. I don't have any reason to believe that someone would deliberately lie about some sort of thing. They may not know all the facts or see the whole situation but I don't have any reason to believe that police officers would out and out lie about a situation.

Q. Well, let me ask you the question in a different way. Would you necessarily believe a police officer's testimony more than—

MR. JOYCE: Your Honor, may we approach the bench?

THE COURT: Make your objection.

MR. JOYCE: Well, I am going to object that this is improper—

THE COURT: The objection is sustained.

MR. SCHOENEBERG: May I get the question on the record, Your Honor? I didn't get a chance to complete it.

THE COURT: Yes, sir.

. . . .

MR. SCHOENEBERG: My question to Mrs. Gregory was would she necessarily believe a police officer's testimony more than she would a lay person's testimony and the objection to that question was sustained?

THE COURT: Yes.

While the trial court has broad discretion in determining the propriety of questions during voir dire, it is not unlimited and we will review the record to determine if such discretion was, in fact, abused. *State v. Holland,* 653 S.W.2d 670, 678 (Mo. banc 1983). A defendant is entitled to a trial by jurors capable of according each witness's testimony its proper weight, free from partiality or bias, and a venireperson who cannot do this should be discharged for cause. *State v. Ealy,* 624 S.W.2d 490 (Mo.App.1981); *State v. Pride,* 567 S.W.2d 426 (Mo.App.1978). Trooper Robinson was the only officer present at the scene when the marijuana was discovered and therefore was the only witness who could testify concerning the issue of possession. As such, his credibility was of the utmost significance. In *State v. Bevly,* 665 S.W.2d 46 (Mo.App.1984) this court stated that the belief on the part of a venireman that police officers were more inclined to be truthful than other witnesses simply because they were police would demonstrate a bias making the venireman unqualified. In *Bevly,* the apparent partiality toward police officer testimony disclosed by initial questioning was dispelled by further interrogation. Here, after a prospective juror had indicated her opinion that police officers would not lie, counsel was precluded from further interrogation which may have either explained or confirmed her apparent bias. "[A] defendant in a criminal case should not have to start out with a juror who feels that in case of a dispute he would have to take the word of the prosecuting witness." *State v. Spidle,* 413 S.W.2d 509, 512 (Mo.1967). Moreover, the action of the trial court in summarily sustaining the objection to counsel's question, without even a statement of any legal basis therefore, effectively precluded defendant's counsel from inquiring about the possibility of similar perceptions in the minds of other veniremen.

Respondent's argument that no juror *selected* to try the case was prejudiced or biased in any way misses the mark. The record reflects that Mrs. Gregory was not selected. However, the principle is well settled that a defendant is entitled to a full panel of qualified jurors before exercising his preemptory challenges. *State v. Morrison,* 557 S.W.2d 445, 446 (Mo. banc 1977). The trial court erred in denying defendant's attorney the opportunity to interrogate Mrs. Gregory and other perspective jurors concerning any preconceived perceptions regarding the testimony of police witnesses.

The judgment is reversed and the cause is remanded for a new trial.

CRIST, P.J., and KAROHL, J., concur.