STATE of Missouri, Respondent,

v.

Michael BALLEW, Appellant.

No. WD 43901.

Missouri Court of Appeals,
Western District.

July 16, 1991.

Kevin L. Jamison, Kansas City, for appellant.

Brian J. Klopfenstein, Janet Lodwick Sutton, Asst. Pros. Attys., Clay County, Liberty, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Presiding Judge.

Appellant was convicted by a jury of selling intoxicating liquor to a person under the age of 21. The court imposed a $500 fine and this appeal followed.

The Clay County sheriff's department went to 19 locations on the evening of May 10, 1990, attempting to purchase liquor. The under-age person attempting this was Robin Shane, a receptionist in the sheriff's

office. She was instructed not to lie about her age (18) and if questioned about her age and identification she should leave the premises. At Ginny's Liberty Liquors she purchased a package of wine coolers which a lab test demonstrated contained 4.25% alcohol by weight. She carried the wine coolers to the counter and purchased them. She was not asked her age or for identification. She wore the same hair style, make-up and clothes to court as she had on when she made the purchase.

Appellant alleges three points of error: (1) The trial court erred in permitting the state to show defendant's 1980 D.W.I. conviction; (2) The trial court erred in empaneling a jury which included a juror struck for cause; and (3) The trial court erred in refusing to instruct the jury on entrapment.

■ On cross-examination the state introduced inquires of defendant's prior convictions to which he responded, "The only thing would be traffic related tickets, D.W.I." On re-direct appellant stated his D.W.I. conviction was ten years ago. When a defendant elects to testify in his own defense the state has the absolute right to introduce prior convictions of the defendant for the purpose of impeachment. *State v. Shisler*, 752 S.W.2d 447 (Mo.App. 1988). Section 491.050, RSMo 1986, provides for the introduction of criminal records effecting the credibility of appellant.

■ In *State v. Ballard*, 657 S.W.2d 302 (Mo.App.1983), the appellant filed a motion in limine to prevent the introduction of his prior convictions. The court held that the trial judge was correct in overruling the motion and referred to § 491.050, RSMo (Supp.1981). The appellant cites *Biener v. St. Louis Public Service Co.*, 160 S.W.2d 780 (Mo.App.1942), and *Conley v. Kaney*, 250 S.W.2d 350 (Mo.1952), both of which speak to introducing collateral evidence of new controversial matters that would result in confusion of the issues. They are not dispositive of the issue. Point I is ruled against appellant.

■ Appellant's next point alleges trial court error in empaneling a juror previously struck for cause. Appellant asked that certain jurors who were members of MADD (Mothers Against Drunk Drivers) be excused. Appellant next inquired, "Is anyone here a member of some anti-alcohol group other than MADD members that were mentioned before?" There was no response.

Appellant stated, "I would like to strike the two members of MADD, Ms. Carr and Ms. Beagle." The court replied, "Okay. Anything else?" The state and appellant both replied in the negative.

The transcript and briefs are silent as to how Beagle ended up as a juror. However, the appellant did not object or otherwise complain about her sitting as a juror until after the jury verdict. By failing to object he did not give the trial judge the opportunity to correct an error, if, in fact, there was an error. The language of the trial court, "Okay. Anything else?" is not a decisive ruling and is ambiguous. Further, when appellant received Exhibit A from the court on which to make his peremptory strikes he could observe that Carr and Beagle were still on the list. He then used a peremptory strike to strike Carr, but left on Beagle. Had Carr been struck for cause by the trial court's "Okay."? The appellant made sure, by using a peremptory strike. Appellant did not object at this time or complain about Carr's or Beagle's presence on the list.

The trial judge failed to adequately and precisely inform the appellant and clearly state his decision to strike Carr and Beagle for cause. His response, "Okay. Anything else?", may be taken as just that, it does not necessarily establish that he was sustaining appellant's motion to strike Carr and Beagle for cause. *State v. Goree*, 546 S.W.2d 785 (Mo.App.1977), held no error occurred when the trial court refused to strike for cause a venireman when there was no evidence that appellant was forced to expend one of his peremptory challenges to remove such person. Appellant's Point II is denied.

■ Finally, appellant alleges error because the trial court refused to give an entrapment instruction. In the case at bar, a female employee of the Clay County sheriff, age 18, in cooperation with the sheriff's drive to stamp out liquor sales to minors, entered the premises of Ginny's Liberty Liquors, picked up a six pack of "wine cooler." She carried this to the cash register and purchased it. She was not "carded" by the salesman. She did not produce fake identification or lie about her age.

Entrapment does not take place by a government informer seeking to purchase contraband articles. *Kibby v. United States*, 372 F.2d 598 (8th Cir.1967). The government is not guilty of entrapment by only providing a willing buyer. In *State v. Weinzerl*, 495 S.W.2d 137, 143 (Mo.App. 1973), the court held, "[a] showing of solicitation alone, as appears in this case, will not raise an issue of entrapment." So it is in the instant case. Appellant's Point III is denied.

All concur.