STATE of Missouri, Plaintiff/Respondent,

v.

Eddie JONES, Defendant/Appellant.

No. 69852.

Missouri Court of Appeals, Eastern District, Division One.

June 3, 1997.

Deborah B. Wafer, Dist. Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for plaintiff/respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of one count of second degree robbery,

§ 569.030, RSMo 1994. The court sentenced him as a prior and persistent offender to a prison term of twenty years. We affirm as modified.

The record reveals that on December 18, 1994, David Nelson noticed the passenger window of his GMC Suburban had been broken. Nelson looked through the broken window and saw defendant sitting in the vehicle near Nelson's wife's purse, which had been opened. Defendant indicated that he had a gun and walked away from the car, carrying money taken from the purse.

Defendant presented no evidence at trial.

On appeal, defendant asserts the trial court plainly erred in allowing venireperson Decker to serve on defendant's jury because "the court had previously determined that she was not qualified to serve and had granted a motion to strike her for cause."

During voir dire, the prosecutor asked if any of the venire members would be "unable to sit in judgment on any case regarding guilt or innocence," and venireperson Decker responded:

MS. DECKER: I'm not clear on the moral issue. So I'm really sort of in between. I'm leaning toward them a little bit. But I'm also leaning toward defending the public and protecting the public.

But I was robbed, and that's why I raised my hand.

[THE PROSECUTOR]: Okay, so you're not saying that you cannot sit in judgment. You are saying you were robbed. That's your response to it?

MS. DECKER: Yes. Well, they brought it out and that's why I'm bringing that up. But, yeah.

[THE PROSECUTOR]: Well, let me not deal with the robbery. Just let's deal with sitting in judgment since I'm on that. Do you have any moral or religious beliefs like these gentlemen that you say you cannot sit in judgment?

MS. DECKER: Well, I want to an extent, but I don't know how far to go. I mean, you know, I also believe in the justice system too. And, so, you know, I'm not really clear on that.

[THE PROSECUTOR]: Okay. So you haven't made up your mind. You have some questions. This is your first time on jury duty?

MS. DECKER: Yes. And this may start as a means of that. I don't know.

[THE PROSECUTOR]: Okay, all right. So I don't rule you out on that then....

Later, the prosecutor questioned Ms. Decker about her ability to judge the credibility of police officers:

[THE PROSECUTOR]: Miss Decker, are you going to prejudge the police officer before he takes the stand, Miss Decker?

MS. DECKER: No.

When the prosecutor asked if anyone had witnessed an arrest, Ms. Decker indicated that her answer was confidential. The following exchanges then occurred at the bench:

MS. DECKER: I witnessed an arrest.

[THE PROSECUTOR]: Okay, tell us the nature of that.

MS. DECKER: It was assault.

[THE PROSECUTOR]: Assault?

MS. DECKER: Yes.

[THE PROSECUTOR]: Was it you that was arrested?

MS. DECKER: No, I was assaulted.

[THE PROSECUTOR]: You were assaulted?

MS. DECKER: Yes.

[THE PROSECUTOR]: And that was an arrest that you witnesse[d]?

MS. DECKER: What?

[THE PROSECUTOR]: How was it that you witnessed the arrest?

MS. DECKER: I called and had the person arrested.

[THE PROSECUTOR]: Okay, that was assaulting you?

MS. DECKER: Yes.

[THE PROSECUTOR]: And the arrest was made right there?

MS. DECKER: Yes.

[THE PROSECUTOR]: Was there any prosecution of that person?

MS. DECKER: No, I didn't follow through with it.

[THE PROSECUTOR]: But there was someone that you knew?

MS. DECKER: Yes, it was a family member.

[THE PROSECUTOR]: And is there anything about that [that] is going to affect your ability to sit in judgment of this?

MS. DECKER: In this case?

[THE PROSECUTOR]: Is there anything about how the police responded or did anything?

MS. DECKER: No. They did a good job.

Defense counsel moved to strike venireperson Decker for cause because she "said that she was robbed and she can't sit in judgment, not sure if she can sit on this jury." The prosecutor objected, and the court called Ms. Decker to the bench for further questioning:

THE COURT: Miss Decker, earlier in voir dire you had given an answer. And at the time you gave the answer, you indicated that this was your first time on jury duty, and that you weren't sure exactly, this was your first experience.

MS. DECKER: First, this is not my first. I was on another one, probably.

THE COURT: I thought this was your first experience, and this was the first time you had been faced with this question.

MS. DECKER: Well, it is the first time I was considered. It was the moral question that was brought up.

THE COURT: And I guess that's what I'm asking you, if you had a chance to think about it more now, whether or not you can—if you're on the jury—sit and listen to the evidence and judge it fairly and impartially, and do your best, and follow the Court's instructions as to the law, and render a fair and impartial verdict in the case?

MS. DECKER: I think I can. Like I assume I'm not really committed to this. [S]o at this point I feel I can do that consciously.

[THE PROSECUTOR]: When you say you think can you do it, that's a figure of speech, is it?

MS. DECKER: No, I mean, I really think that.

THE COURT: That you can do it?

MS. DECKER: It might raise my conscience, yes.

THE COURT: Thank you, very much, Miss Decker.

(Ms. Decker leaves side-bar.)

THE COURT: I'll grant the motion.

In spite of the court's statement, Ms. Decker's number was not called when the court listed the jurors excused for cause, and defense counsel did not bring her to the court's attention. Ms. Decker was subsequently selected to serve on the jury, and the prosecutor specifically mentioned her without comment from defense counsel. The prosecutor again mentioned her presence on the jury prior to opening statement:

I would just like the Court to note that Miss Decker has been sleeping through the opening instructions of the Court.

The court asked the Sheriff to "tap her on the shoulder" if she fell asleep again. Defense counsel did not object to Ms. Decker's presence on the jury during the trial or in the motion for a new trial.

Although the court stated, "I'll grant the motion," Ms. Decker remained on the jury. *See State v. Ballew,* 811 S.W.2d 507, 508 (Mo.App.1991). By failing to object at trial or in his motion for a new trial, defendant did not give the court an opportunity to correct the error, if there was an error. *Id.* The trial court certainly did not abuse its discretion by seating Ms. Decker on the jury because her responses did not indicate that she was prejudiced against defendant or could not follow the court's instructions. *See State v. Plummer,* 860 S.W.2d 340, 348–49 (Mo. App. E.D.1993). We conclude that defendant's point does not entitle him to relief.

Defendant also asserts the trial court erroneously sentenced him as minimum term offender under § 558.019, RSMo 1994. The state concedes that the finding under § 558.019 is erroneous. Thus, we modify the judgment by removing the minimum term designation under § 558.019 from defendant's sentence.

Judgment affirmed as modified.

DOWD, P.J., and GARY M. GAERTNER, J., concur.