**Billie BUSSMANN, Appellant,**

v.

**Harry T. BUSSMANN, Jr., Respondent.**

**No. 39463.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 7, 1978.

Clayton & Karfeld, Charles S. Clayton, St. Louis, for appellant.

Donald Weyerich, LaTourette & Weyerich, Clayton, for respondent.

CLEMENS, Judge.

Plaintiff-wife Billie Bussmann (hereafter "plaintiff") appeals from the trial court's judgment denying her petition for separate maintenance, to which defendant had answered by a general denial.

Plaintiff does not contend her evidence was sufficient to show defendant-husband's abandonment and non-support. Clearly it did not. Plaintiff contends, however, that such proof was unnecessary because "these facts were admitted in the interlocutory judgment." This contention must fail for the basic reason that the record fails to show there ever was an interlocutory judgment. We examine the record.

December 10, 1976. Defendant not having answered plaintiff's interrogatories, the court ordered defendant to do so within twenty days. He belatedly complied.

January 26, 1977. Plaintiff moved for a default judgment on the ground defendant's answers to plaintiff's interrogatories were incomplete.

March 4, 1977. Court granted defendant thirty days to answer interrogatories completely "or petitioner's motion for default shall be granted."

April 5, 1977. Upon plaintiff's oral motion the court ordered "Default and in-

quiry granted . . . and cause set for trial on April 13, 1977."[1]

April 13, 1977. Parties appeared and without objection announced ready for hearing on plaintiff's petition. Evidence adduced. Trial concluded; court found plaintiff had not shown abandonment or failure to support. Petition denied.

As said, plaintiff contends the trial court's April 5 order of "default and inquiry granted" was an interlocutory judgment which precluded an adverse judgment on the merits. She relies on *Sumpter v. J. E. Sieben Construction Company,* 492 S.W.2d 150[8–10] (Mo.App.1973). That case is not in point because there, unlike the present case, defendant had failed to answer and a final default judgment was entered upon plaintiff's evidence of damages.

We deny plaintiff's contention that the "default and inquiry" order is tantamount to a default judgment which precluded evidence on the merits of her case. This is squarely refuted by the parallel case of *J. G. Jackson & Associates v. Mosley,* 308 S.W.2d 774[3] (Mo.App.1958). There, as here, after defendant had filed an answer, the court entered an order: "Default and inquiry granted. Cause passed to January 21, 1956." Four days later the trial court heard testimony on liability and damages and rendered judgment. We ruled the "default and inquiry" order did not constitute an interlocutory judgment adjudging the petition confessed. Instead, we ruled upon the ensuing evidentiary hearing: "The trial court gave full effect to the issue raised by the answer. It took nothing as confessed and proceeded to hear evidence in the cause."

So it is here. Plaintiff never had an interlocutory judgment that precluded the trial court's determination of the cause upon the evidence adduced.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.

---

1. This order has not been included in the transcript; we consider it only because it does appear by an appendix to defendant's brief.