**David R. POTTS, Respondent,**

v.

**PENNCO, INC., Harry Burke, Charles Hamilton and Preferred Risk Mutual Insurance Company, Appellants.**

No. 49570.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer Denied April 1, 1986.

Application to Transfer Denied
May 13, 1986.

Godfrey, Vandover & Burns, Inc., Samuel T. Vandover, John B. Singleton, St. Louis, for respondent.

G.N. Beckemeier, Jr., Holtkamp, Beckemeier, Liese & Hummel, Kenneth A. Slavens, Brown, James & Rabbitt, St. Louis, for appellants.

CRIST, Judge.

Defendants appeal from the judgment entered upon a jury verdict for plaintiff David R. Potts on his claim seeking recovery for injuries sustained in an automobile accident. The jury awarded plaintiff $30,-600.00 in damages. We affirm in part and reverse and remand in part.

Defendant Charles Hamilton was proceeding eastbound on I–70, in the far right lane, approaching Cass Avenue, when the front left wheel and tire of his automobile dislodged from his car, went across the east bound lanes of traffic, hit and flew over the concrete divider in the center of the road, and entered the westbound lanes of I–70. Brandt, the driver of a pick-up truck, was proceeding westbound on I–70 in the Cass Avenue area at this time. He observed the tire come over the divider and strike the front of his truck, which be brought to a complete stop after swerving and attempting to pull to the right. Plaintiff Potts, proceeding westbound on I–70, behind Brandt's truck, saw the tire come over the median, and stopped his car. He was struck from behind by Burke, who also was proceeding westbound on I–70 driving a truck owned by Pennco, Inc.

Plaintiff instituted suit shortly after the accident. It was discovered Hamilton was uninsured, and plaintiff brought in Preferred Risk as plaintiff's uninsured motorist carrier. Hamilton subsequently defaulted. The jury fixed the percentages of fault under comparative fault analysis, holding Hamilton 75% responsible, and Pennco, Inc. and Burke 25% responsible. Plaintiff was held to bear no responsibility for the accident. Total damages of $30,600 were awarded. The jury also found for plaintiff against Preferred Risk for $20,000, the limit of its coverage under the policy. Defendants Preferred Risk, Pennco and Burke, and Hamilton filed separate notices of appeal. The appeals were consolidated in this court. Hamilton did not file a brief or otherwise perfect his appeal.

Defendant Preferred Risk asserts the court erred in instructing the jury Hamilton was liable to plaintiff and therefore, if Hamilton was uninsured, the jury was to find against Preferred Risk. Liability was premised upon a default and inquiry granted plaintiff without notice to Preferred Risk or any other defendant upon Hamilton's failure to answer an amendment to the petition. The important events leading to Preferred Risk's liability were:

October 31, 1980. Petition filed against Hamilton, Pennco and Burke.

December 9, 1980. An attorney entered an appearance for Hamilton and answered the position on his behalf.

February 25, 1981. Plaintiff filed Second Amended Petition.

May 2, 1981. Hamilton's attorney withdrew as counsel.

May 17, 1981. Plaintiff filed his Third Amended Petition in which Preferred Risk was first named as a party defendant due to Hamilton's lack of insurance.

June 9, 1982. Plaintiff apparently filed his Fourth Amended Petition. (Answers were filed to an amended petition supposedly filed on this date; however, no record of the filing of this petition could be found in the court file.)

October 13, 1982. Plaintiff took a default and inquiry as to Hamilton without notice to any other party in the lawsuit. (order reflects this date; however, the docket sheet does not reflect the granting of a default and injury until December 10, 1982.)

November 15, 1982. Preferred Risk answered the Fourth Amended Petition.

September 10, 1984. The Fourth Amended Petition was supposedly filed back in June, 1982 was actually filed. The trial began with all parties present except Hamilton, who was produced the next day pursuant to a writ of body attachment.

September 12, 1984. Preferred Risk's written motion to intervene for Hamilton, or in the alternative to rule that Preferred Risk could contest Hamilton's liability in its own name, or in the alternative to set aside the default, was denied.

September 13, 1984. Jury was instructed Preferred Risk was liable if it believed Hamilton was uninsured.

The court erred in binding Preferred Risk by the default of Hamilton.

■ First, Preferred Risk was entitled to notice of the default. Rule 43.01(a) requires all motions and orders to be served "upon each of the parties affected thereby" who are not in default. Preferred Risk is not alleged to have been in default at any time, and therefore, was entitled to notice. *See Kollmeyer v. Willis*, 408 S.W.2d 370 (Mo.App.1966).

■ Secondly, recovery on the uninsured motorist claim in this case requires plaintiff to show (1) Hamilton was liable to plaintiff, (2) The amount of such liability, and (3) that Hamilton was uninsured. *Hill v. Seaboard Fire and Marine Insurance*, 374 S.W.2d 606, 609 (Mo.App.1963). Because Preferred Risk would be bound by the decision against Hamilton establishing the first two elements if it had notice of, and the opportunity to control the litigation in which the adverse decision was rendered, *Wells v. Hartford Accident & Indemnity Company*, 459 S.W.2d 253, 259 [6, 7] (Mo. banc 1970), Preferred Risk could intervene as of right in any action against Hamilton.

*State ex rel. State Farm Mutual Automobile Ins. Co. v. Craig,* 364 S.W.2d 343, 349[11] (Mo.App.1963). The uninsured motorist carrier could raise any defenses the uninsured motorist could raise, including his lack of liability, even if a default and inquiry had been entered as to the uninsured motorist prior to the carrier's intervention. *Beard v. Jackson,* 502 S.W.2d 416, 419[3] (Mo.App.1973). We perceive no reason to prohibit Preferred Risk from raising defenses as a defendant named by plaintiff it could have raised as an intervening defendant. Plaintiff's reliance on *Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc 1985) and *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984), cases concerning whether default judgments are directly appealable and what issues are cognizable on those appeals, is misplaced as those cases are inapposite to the case at bar. The judgment against Preferred Risk is reversed and remanded for trial.

■ Defendants Pennco and Burke assert the court erred in giving the jury a verdict form listing the defendants in the conjunctive rather than the disjunctive. It is claimed the instruction informing the jury Hamilton was liable (due to his default), combined with a verdict form stating "we, the undersigned jurors, find in favor of _____ (Plaintiff David Potts) or (Defendant Pennco, Inc. and Harry Burke, and Defendant Charles Hamilton)" required the jury to find against all three defendants. At the instruction conference, the attorney for Pennco and Burke (Pennco and Burke were treated as one defendant; Burke's agency for Pennco was not at issue, and they were represented by one attorney) initially had no objections. After the court reminded the attorneys of the Supreme Court's recent opinion in *Fowler v. Park Corporation,* 673 S.W.2d 749 (Mo. banc 1984), this attorney then stated he wished to reserve his right to object to the instructions in a motion for new trial, as provided by Rule 70.03. However, we note verdict forms are not considered instructions. See MAI 3d 36.05 Comment 2. Likewise, defendant did not object to the verdict re-

turned by the jury before it was accepted by the court.

■ The verdict form, with its conjunctive listing of the defendants, combined with the instructions given, contained the potential for confusion. However, the jury was properly instructed as to the elements of the rear-end collision doctrine as it applied to these defendants in this case. The jury properly completed the verdict form, and apportioned 25% of the fault to these defendants. We find under the circumstances of this case no manifest injustice resulted to Pennco and Burke in the giving of this verdict form. Lacking a timely objection, *see Cobb v. Cosby,* 416 S.W.2d 222, 225–26[7] (Mo.App.1967), we deny the point.

The judgment as to Preferred Risk is reversed and remanded for trial. The judgment, in all other respects, is affirmed.

DOWD, P.J., and REINHARD, J., concur.