Dale O. CATLETT, Respondent,

v.

ILLINOIS CENTRAL GULF
RAILROAD COMPANY,
Appellant.

No. 72427.

Supreme Court of Missouri,
En Banc.

July 31, 1990.

Douglas K. Rush, Ann Buckley, St. Louis, for appellant.

Paul J. Passanante, St. Louis, for respondent.

COVINGTON, Judge.

This appeal arises out of an action by plaintiff, Dale O. Catlett, pursuant to the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (1982), to recover for a back injury sustained while employed by defendant, Illinois Central Gulf Railroad Company ("Illinois Central"). Judgment was entered on a jury verdict in favor of Mr. Catlett in the amount of $182,000. The Missouri Court of Appeals, Eastern District, affirmed. This Court granted transfer. *Rule 83.03.* Reversed and remanded.

On appeal, Illinois Central contends that the trial court erred in: (1) overruling defendant's motion for directed verdict, submitting the case to the jury on plaintiff's theory that defendant failed to provide "reasonably safe methods of work" or

"reasonably adequate help," and entering judgment in favor of plaintiff; (2) overruling defendant's objections to plaintiff's per diem closing argument; (3) striking venireperson No. 57, Darlene M. Bodimer, for cause on plaintiff's motion because Ms. Bodimer indicated that she could give both parties a fair trial and follow the instructions of the trial court, refusing to strike venireperson No. 514, Annie Barnes, for cause on defendant's motion, because Ms. Barnes indicated that she could not give defendant a fair trial and could not follow the trial court's instructions, and both striking an unbiased juror and refusing to strike a biased juror prejudiced defendant's *right to a fair and impartial jury panel and denied defendant a fair trial;* and (4) refusing to apply the doctrine of comparative negligence in giving a verdict director, converse instruction, damage instruction, and Verdict Form Z which were modified for comparative negligence.

Illinois Central's third point asserts two claims of error, the second of which is dispositive. Illinois Central first asserts that the trial court erred in striking venireperson Bodimer because she indicated that she could give both parties a fair trial and follow the instructions of the court.

At the beginning of *voir dire*, venireperson Bodimer stated that she was employed by Pet, Inc., a subsidiary of I. C. Industries, and that Illinois Central was also a subsidiary. The court asked if she would be embarrassed to sit on the jury or if there was any reason she could not fairly and impartially hear the issues in the law suit and be fair to both sides. She initially responded, "I am very uneasy about it." Both parties' attorneys then questioned her in some detail, after which she indicated she could be fair. The court addressed venireperson Bodimer:

> THE COURT: We have to break the impasse here along this line. There is a *Motion before us to excuse you.* I suppose, looking at it another way, the Plaintiff in this case is in a similar situa-

tion as you, your [sic] employees of a related company, is that the general idea?

> MISS BODIMER: Right.

> THE COURT: I just feel that's a little burden we ought not ask of the juror.

The trial court sustained Mr. Catlett's motion to strike venireperson Bodimer.

■ An appellant may not predicate error on the sustaining of a challenge for cause if the challenged juror is replaced by another qualified juror. *State v. Parris,* 506 S.W.2d 345, 346 (Mo.1974).[1] Illinois Central was not entitled to any particular juror or jurors. There is no showing that the juror chosen to replace venireperson Bodimer was not properly and duly qualified, thus, there is no trial court error.

Illinois Central also contends that the trial court erred in failing to strike for cause venireperson Annie Barnes. In this regard Illinois Central is correct.

During *voir dire*, Illinois Central's attorney explained that the plaintiff injured his back while lifting boxes at work. He inquired whether anyone on the panel had suffered back injuries. Venireperson Barnes stated that she pulled a muscle in her back two years before while she and her husband were erecting a fence. Following the injury, she was confined to her bed for two months and experienced discomfort for several more months. The dialogue continued:

> COUNSEL FOR APPELLANT, MR. RUSH: I believe the evidence will show that Mr. Catlett, here today, will talk about a muscle strain in his back.... It will be strictly a case very similar to yourself, a strained back muscle. That's what evidence you're going to hear. Would the fact that you apparently had a strained back muscle, would that cause you to sway in favor of Mr. Catlett in any way?

> VENIREPERSON BARNES: No, even though I feel sorry for his condition, it would not cause me to sway any way at all.

---

1. Note the *Witherspoon–Witt* exception to this general rule. *Witherspoon v. Illinois,* 391 U.S. 510, 522, 88 S.Ct. 1770, 1776–77, 20 L.Ed.2d 776 (1968); *Wainwright v. Witt,* 469 U.S. 412, 420, 105 S.Ct. 844, 850, 83 L.Ed.2d 841 (1985).

MR. RUSH: We talked about the burden of proof. Even though he had a similar back strain, would you still require Mr. Catlett to prove his case by a preponderance of the evidence?

VENIREPERSON BARNES: I would have to have the facts.

MR. RUSH: If you went upstairs and you can't decide what happened, would you be able to come back with a verdict for Illinois Central Gulf Railroad?

VENIREPERSON BARNES: I could say I would. I'm quite sure we could all sit there and figure it out.

MR. RUSH: If the Judge instructed you that Mr. Catlett has the burden of proof, the burden of proving his case by a preponderance of the evidence, and you're up in your jury room talking to your fellow jurors, if you can't decide, if it's that some of you can't make up your mind on the evidence, could you come back with a verdict for the Illinois Central Gulf Railroad because Mr. Catlett had not proved to you, and each one of you on the jury, by a preponderance of the evidence, his case.

VENIREPERSON BARNES: If you want me to be truthful, if I went, I couldn't.

MR. RUSH: If you got up there and it was either way, you could not make up your mind, would you be able to follow the Judge's Instructions to return a verdict in favor of my client.

VENIREPERSON BARNES: I don't think I could. I know I would not.

Illinois Central moved to strike venireperson Barnes for cause, and counsel for Mr. Catlett objected. The trial court sustained the objection without comment. Neither the court nor counsel questioned venireperson Barnes further. Ms. Barnes remained on the panel, served on the jury, and was one of the eleven jurors that signed the verdict form finding in favor of Mr. Catlett.

■ Generally, the trial court has wide discretion in determining the qualifications of prospective jurors, and its decision will not be disturbed absent deprivation of a fair trial. Denial by a trial court of a legitimate challenge to excuse a "partial or prejudiced venireperson, however, constitutes reversible error." *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985). Even in a civil trial, where a jury decision need be made by only a three-fourths majority, the civil litigant is still entitled to a jury of twelve impartial persons. *Triplett v. St. Louis Pub. Serv. Co.,* 343 S.W.2d 670, 672 (Mo.App.1961). The competent juror "must be in a position to enter the jury box disinterested and with an open mind, free from bias or prejudice." *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981). Although the trial judge has broad discretion in ruling on challenges for cause, this discretion requires that the trial judge consider the responses of the prospective jurors on *voir dire* in their entirety and make an independent evaluation of their ability to serve impartially. *Moss v. Mindlin's, Inc.,* 301 S.W.2d 761, 771–72 (Mo.1956).

■ A failure by the trial judge to question independently a potential juror to "explore possible prejudice may undercut any basis for the trial judge's exercise of discretion and constitute reversible error." *Ealy,* 624 S.W.2d at 493, *citing, State v. Lovell,* 506 S.W.2d 441, 443 (Mo. banc 1974). In *Stewart,* another case in which the trial court asked no questions, this Court reversed the trial court because a prospective juror "never unequivocally stated" that she would not draw an inference of guilt from defendant's failure to testify after she had initially stated that she would expect him to do so. *Stewart,* 692 S.W.2d at 299; *see also State v. Holland,* 719 S.W.2d 453 (Mo. banc 1986). In the absence of an independent examination after equivocal responses, the appellate court is justified in conducting a more thorough review of the challenged juror's qualifications. *Ealy,* 624 S.W.2d at 493.

■ In the present case, venireperson Barnes first answered unequivocally that, despite her own experience with a back injury, she could be an impartial juror. After further questioning, however, venireperson Barnes stated unequivocally that she could not be impartial. "I don't think I could. I know I would not [be able to follow the judge's instructions.]" The trial

court made no independent inquiry into venireperson Barnes ability to be impartial; instead, the court summarily denied Illinois Central's motion to strike for cause. The trial court committed reversible error.

This Court has reviewed Illinois Central's claim that Mr. Catlett failed to make a submissible case and finds the claim to be without merit. The remaining two claims constitute allegations of trial error. Mr. Catlett's *per diem* and "job offer" *per diem* arguments during closing argument will not necessarily occur on retrial and this Court does not consider it. Mr. Catlett may study Illinois Central's brief and decide whether there are risks as to evidence and argument which should be avoided. The question of instructional error turns on what evidence, if any, is presented at trial tending to show contributory negligence and need not be addressed.

The judgment is reversed and the cause remanded for further proceedings.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, HIGGINS,

HOLSTEIN, JJ., and FLANIGAN, Special Judge, concur.

BILLINGS, J., not sitting.