**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Mark A. JONES, Defendant–Appellant.**

**Mark A. JONES, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**Nos. 55215, 56771.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 1990.

Application to Transfer Denied
Nov. 20, 1990.

James S. McKay, St. Louis, Michael L. Henderson, Clayton, William J. Swift, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of second degree assault and armed criminal action. The court sentenced him as a prior, persistent and Class X offender to ten years' imprisonment on the assault count and five years on the armed criminal action count, to be served consecutively. He appeals his conviction and the denial of postconviction relief. We affirm.

Considered in the light most favorable to the verdict, the facts are as follows. Shortly after midnight on December 6, 1987, a car driven by defendant and containing one male passenger (Cooper) "jumped" the line in the drive-through at a fast-food restau-

rant, driving part way over a curb and cutting in front of a car in which victim was a passenger. As defendant's car passed, obscene comments and gestures were directed toward the car containing victim (in the back seat), his wife (in the front seat) and a female friend (the driver). The two women observed a club and a knife being displayed by defendant and Cooper, respectively, as they drove by. Victim (who was unarmed) got out of his car and approached the passenger side of defendant's car. Cooper opened the car door into victim, which sent him staggering backwards. Defendant exited his car with a 12-inch club in his hand, while Cooper attacked victim with a knife. Defendant struck victim in the head with the club; as victim turned to protect himself, Cooper stabbed him, puncturing his lung.

On appeal, defendant claims he was prejudiced by the trial court's failure to strike Venireman Kilper for cause based on his responses to questions during voir dire relating to his experiences as a crime victim. We find no abuse of discretion.

In response to questions from the prosecuting attorney, Kilper stated that he and his wife had been the victim of a robbery in 1980 wherein she had been assaulted and that the assailant had pled guilty. Kilper also stated that his nephew had recently been killed by a hit and run driver.

Defense counsel then probed Kilper. He stated that the facts of this case might be somewhat similar to a crime Kilper was involved in. This exchange followed:

[DEFENSE COUNSEL]: My concern is this, there maybe [sic] some experience due to the fact that you went through this experience that might prevent you from perhaps being fair to both sides in this case. Do you have that?

[KILPER]: I have the same—I have the same fears, yes I do.

[DEFENSE COUNSEL]: And your fear is that you might be more likely to not listen to perhaps what the defense puts forward, their evidence and you might be more likely to not listen to both sides fairly, is that correct?

[KILPER]: Given the events of the past weeks of my family I think it would be very difficult for me to, number one, be objective making judgments and, number two, its [sic] been a trying time for my family.

The prosecutor, court and defense counsel further questioned Kilper as follows:

[PROSECUTOR]: Mr. Kilper, sorry to bother you one more time. I understand your reluctance to serve but what we're interested in is whether or not you have trouble being fair to one side or the other or whether you would lean towards one side or the other or you just have a general desire not to serve.

[KILPER]: I would like—*no, I don't think I would lean unfairly towards one side or the other.*

THE COURT: *In other words, you could give both sides a fair trial?*

[KILPER]: *Yes.*

THE COURT: *You could base your decision on the evidence that you heard as you hear it from the witness stand?*

[KILPER]: *Correct.*

THE COURT: *And also the instructions of law that are given?*

[KILPER]: *Yes.*

THE COURT: *And that you feel you can do?*

[KILPER]: *I feel confident that I can.*

THE COURT: Thank you.

[DEFENSE COUNSEL]: If I can take it one step further, Mr. Kilper, you did say that due to the fact that everything you went through, some very serious tragedies, is there still a concern that you may not be able to—you said that you would be able to listen to the evidence. I was wondering do you have any concern that due to those experiences you might bring them in and they might effect your judgment, what the evidence is in holding the State to their burden of proof? Is there something about the situations that you have gone through that might make you unable to listen to the evidence, to be unfair?

[KILPER]: I would like to give you [an] unequivocal yes, that all I have experienced would have no effect on this case

but I can't say that. I can not be one hundred percent sure that I can.

[DEFENSE COUNSEL]: Okay. And no one is saying that.

[KILPER]: *Excuse me. I served on a jury after the armed robbery and there was no problem.*

[PROSECUTOR]: I understand.

[DEFENSE COUNSEL]: And in this situation I noticed that prior case that you were on concerned a Tampering With A Witness which is a lot different and I anticipate you will hear—*if you hear facts that are some what [sic] similar, my concern is that, I don't want to put words in your mouth, you may not listen to the State's evidence without listening to both sides fairly. Have any sense that that might occur?*

[KILPER]: *No.*

[DEFENSE COUNSEL]: Okay.

[PROSECUTOR]: Lastly, I'm also concerned Mr. Kilper in that the man I mentioned, Joel Kimbrough, alleges to be *the victim of this assault has been convicted of armed robbery, the same offense you said you were a victim of. Do you think that you can listen to the victim, Mr. Kimbrough, even though he has an armed robbery conviction, in fact, two of them and still be fair in judging whether or not you think he was a victim of an assault?*

[KILPER]: *That's correct, would be no problem.*

(Emphasis ours.)

Later, Kilper said that he could presume the defendant to be innocent and that he would follow an instruction that a person can use force to protect someone who is in danger. After the court denied his motion to strike for cause, defendant used a peremptory strike to remove Kilper from the jury.

This case is controlled by the Missouri Supreme Court case of *State v. Lingar,* 726 S.W.2d 728 (Mo. banc 1987) and our case of *State v. Hutchinson,* 740 S.W.2d 184 (Mo.App.1987). In *Lingar* the prospective juror had initially equivocated in response to questions about the effect of a defendant's failure to testify. After reha-

bilitation, the trial court overruled defense counsel's motion to challenge for cause. The Supreme Court affirmed. Judge Robertson, speaking for the court, stated:

An accused must be afforded a full panel of qualified jurors before he is required to expend his peremptory challenges. Failure of the trial court to grant a legitimate challenge for cause is reversible error. *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985); *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo. banc 1985). Absence of an independent examination by the trial court justifies a more searching review by the appellate court of the challenged juror's qualifications. *State v. Wolff,* 701 S.W.2d 777, 778 (Mo. App.1985).

The critical question is whether, on the whole, [the venireman's] responses indicate his ability to evaluate the evidence fairly and impartially. Recognizing the importance of this inquiry, we are mindful that the trial court, in its unique position to observe the intangibles of gesture, inflection and demeanor, occupies the best position to determine the qualifications of a prospective juror.

*Lingar,* 726 S.W.2d at 734.

In *Hutchinson,* the circumstances were very similar to those involved here. The prospective juror initially stated that she did not think that she could be fair during the robbery trial because of her experiences as a robbery victim. However, after further questioning by the court, prosecutor, and defense attorney, she stated that she would not disregard the law; that her feelings were not so strong as to make her believe a witness that she would otherwise not believe; and that she would confine her decisions to the facts of the case at hand. The trial court overruled a motion to strike for cause. After considering the entire voir dire, we found no abuse of discretion. *Hutchinson,* 740 S.W.2d at 188.

Here, the assault on the venireman's family was eight years prior to defendant's trial and defendant claimed that he was the victim of the assault at issue. While initially expressing reservations about being able to be objective because of his previous ex-

periences, the venireman stated that he didn't think that he would lean unfairly toward one side or the other; that he could base his decision on the evidence and on the instructions; that he had served on a jury after he was robbed and had had no problem; and that he presumed the defendant to be innocent. We note additionally that here, as in *Hutchinson,* the court participated in the interrogation of Mr. Kilper. While not every response was completely unequivocal, we find, after considering the entire voir dire, the failure to sustain the challenge for cause was not error.[1] *State v. Schwer,* 757 S.W.2d 258, 262–63 (Mo. App.1988).

Defendant's second point alleges ineffective assistance of counsel in allowing defendant to testify despite his past convictions. The record clearly indicates that defense counsel discussed with defendant, on multiple occasions, the fact that his convictions would be admissible if and only if defendant testified. Defendant admits as much. There is sufficient evidence in the record for the motion court to conclude that defendant made the final decision. Point denied.

Judgment affirmed.

CRANDALL, C.J., and STEPHAN, J., concur.

---

**1.** This determination is not inconsistent with the Missouri Supreme Court's recent rulings on juror challenges in the cases of *Catlett v. Illinois Central,* 793 S.W.2d 351 (Mo. banc 1990) and *State v. Wacaser,* 794 S.W.2d 190 (Mo. banc 1990). In *Catlett,* the venireman stated unequivocally that she would not follow the judge's instructions on the burden of proof and was not questioned further by the court or counsel. *Catlett,* 793 S.W.2d at 353. *Wacaser* held that a venireman who had formed an opinion on pun-

ishment based on the facts of the case and given no assurance that opinion was subject to change was disqualified by statute from serving in spite of his professed ability to follow the evidence during the determination of guilt phase. *Wacaser,* 794 S.W.2d at 193 (citing § 546.150, RSMo 1986).

Here, the venireman expressed confidence that he could base his decision on the evidence as he heard it and the instructions of law given by the court.