

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| MARK BROMMELHORST and BARBARA BROMMELHORST, individually, and on behalf of GABRIEL BROMMELHORST, deceased, | ) ) ) ) ) | No. ED110912 |
| Respondents, | ) ) | Appeal from the Circuit Court of Montgomery County |
| vs. | ) ) | 17AA-CC00012 |
| AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, | ) ) ) | |
| Appellant, | ) ) | Honorable Jason H. Lamb |
| and | ) ) ) | |
| DANIELLE JOHNSON, | ) ) | |
| Defendant. | ) | Filed: August 1, 2023 |

Automobile Club Inter-Insurance Exchange ("Auto Club") appeals the judgment, entered

after a bench trial, in favor of Mark and Barbara Brommelhorst, individually, and on behalf of

Gabriel Brommelhorst, deceased ("Plaintiffs"). The trial court's judgment awarded Plaintiffs

damages in the amount of $175,000, post-judgment interest, and costs on Plaintiffs' claim for

uninsured motorist coverage against Auto Club (Count I) and Plaintiffs' claim for wrongful

death against uninsured motorist Danielle Johnson (Count III).[1]  On appeal, Auto Club argues,

(1) the trial court erred in denying Auto Club the opportunity to contest Johnson's liability; and

(2) the trial court erred in accepting Plaintiffs' proposed jury instruction and rejecting Auto

Club's proposed jury instruction.  Because we agree that the trial court erred in denying Auto

Club the opportunity to contest Johnson's liability under the circumstances of this case, we

reverse the trial court's judgment and remand for further proceedings consistent with this

opinion.

## I.      BACKGROUND

This case arises from an August 4, 2015 incident in which a vehicle driven by Danielle

Johnson struck and killed pedestrian Gabriel Brommelhorst ("Decedent").  At the time of the

incident, which occurred at approximately 3:30 a.m. in Montgomery County, Decedent was

walking on Interstate 70, after he had crashed his own vehicle into a median on the highway.

On the date of the incident, Johnson was uninsured.  Nevertheless, Decedent and his

parents, Mark and Barbara Brommelhorst, had an insurance policy with Auto Club which

provided up to $175,000 in uninsured motorist coverage.

### A.      Plaintiffs' Petition and Subsequent Procedural Posture

On March 14, 2017, Plaintiffs Mark and Barbara Brommelhorst, individually, and on

behalf of Decedent, filed the instant action alleging, *inter alia*, a claim for uninsured motorist

coverage against Auto Club in Count I and a claim for wrongful death against Johnson in Count

III.  *See* footnote 1 of this opinion.  Both defendants were properly served with Plaintiffs'

petition.

---

[1] Plaintiffs' petition alleged a total of three counts.  Count II was a claim against Auto Club for vexatious refusal to pay, but this count was dismissed prior to trial.

Auto Club filed an answer to the petition,[2] and Auto Club appeared throughout the proceedings. In response to Plaintiffs' claim for uninsured motorist coverage against Auto Club in Count I, Auto Club's answer admitted Plaintiffs had an insurance policy which, *inter alia,* provided Auto Club "would pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle to the extent that an owner or operator is liable because of bodily injured sustained by an insured or caused by an accident." In response to Plaintiffs' claim for wrongful death against Johnson in Count III, Auto Club asserted "[a]ny allegations which may be construed to be against [Auto Club] are hereby denied."

Johnson failed to file an answer or other response to Plaintiffs' petition, and Johnson failed to appear throughout the proceedings. On December 6, 2017, Plaintiffs mailed Johnson requests for admissions containing several paragraphs pertaining to Johnson's purported negligence and resulting liability for Decedent's death, including allegations that: "[ ] Johnson failed to keep a careful lookout . . . so as to discover [Decedent] before striking him"; "[ ] Johnson drove at an excessive speed"; "[ ] Johnson drove carelessly and imprudently"; and "[a]s a result of [ ] Johnson's actions, [Decedent] died on August 4, 2015." Johnson failed to answer, object, or otherwise respond to the requests for admissions.

On December 21, 2017, Auto Club filed a motion to intervene on behalf of Johnson on Count III of Plaintiffs' petition, claiming it had an absolute right to intervene under Missouri Supreme Court Rule 52.12(a)(2) (2017)[3] because, *inter alia*, (1) "[Auto Club] ha[d] a direct interest in the outcome of Plaintiffs' action against [ ] Johnson, and [Auto Club] may be bound

---

[2] All references to Auto Club's answer are to its amended answer, which asserted a total of five affirmative defenses alleging comparative fault. Three of the affirmative defenses were stricken, and the other two appear to have been abandoned by Auto Club because the record on appeal indicates it failed to argue or pursue them at trial. *See Monteith v. Cundall*, 830 S.W.2d 466, 469, 469 n.8 (Mo. App. E.D. 1992); *Peters v. Brenner*, 772 S.W.2d 777, 778 (Mo. App. E.D. 1989).

[3] All references to Rules are to Missouri Supreme Court Rules (2017). The relevant part of Rule 52.12(a)(2) is set forth below in footnote 7 of this opinion.

3

by any judgment entered against [ ] Johnson on . . . the issue of liability"; and (2) "[t]he interests of [Auto Club] in the [p]etition [we]re not being adequately represented in this case." The trial court denied Auto Club's motion to intervene and its subsequent motion to reconsider.

The trial court then entered an order finding Plaintiffs' requests for admissions directed to Johnson (alleging her negligence and resulting liability for Decedent's death), were automatically admitted due to Johnson's failure to timely respond thereto. *See* Rule 59.01(a); Rule 61.01(c).[4]

Subsequently, Plaintiffs filed a motion for partial summary judgment against Johnson on Plaintiffs' wrongful death claim in Count III, arguing they were entitled to judgment as a matter of law as to Johnson's liability based on the trial court's order finding Plaintiffs' requests for admissions were automatically admitted. Johnson failed to respond to Plaintiffs' motion for partial summary judgment. However, Auto Club filed a response, arguing Plaintiffs' motion should be denied because, *inter alia*, Auto Club had a right to contest Johnson's liability.

The trial court granted Plaintiffs' motion for partial summary judgment on the grounds asserted in Plaintiffs' motion and because Johnson did not respond to Plaintiffs' statement of facts contained within Plaintiffs' motion for partial summary judgment, resulting in Johnson admitting she was negligent and had resulting liability for Decedent's death.

**B.      The Initial Jury Trial Setting, the Bench Trial, and Other Procedural Posture**

The case was initially set for a jury trial in June 2022. Plaintiffs and Auto Club each submitted a proposed jury instruction. Plaintiffs' proposed jury instruction stated, *inter alia*, that

---

[4] Rule 59.01(a) provides in relevant part that: "A failure to timely respond to requests for admissions in compliance with this Rule 59.01 shall result in each matter being admitted." Additionally, Rule 61.01(c) provides in relevant part that:

> If a party, after being served with a request to admit the genuineness of any relevant documents or the truth of any relevant and material matters of fact, fails to serve answers or objections thereto, as required by Rule 59.01, the genuineness of any relevant documents or the truth of any relevant and material matters of fact contained in the request for admissions shall be taken as admitted.

"[a]s a result of [Johnson's] admission of liability, the only issue for [the jury] to decide is the amount of damages."  In contrast, Auto Club's proposed jury instruction provided, *inter alia*, that the issue of Johnson's liability was a factual issue for the jury to decide.[5]  The trial court entered an order accepting Plaintiffs' proposed jury instruction, rejecting Auto Club's proposed jury instruction, and finding Auto Club was not permitted to introduce evidence contesting Johnson's liability for Decedent's death.

Thereafter, Auto Club and Plaintiffs entered a stipulation that, with the understanding neither the right to a jury trial nor right to appeal the trial court's instruction ruling was being waived, it would be in the interest of judicial economy to submit the case for a bench trial.  The parties also agreed Johnson was the operator of an uninsured motor vehicle, and that if Auto Club was ultimately responsible for uninsured motorist coverage, Plaintiffs' damages would entitle them to the policy limit of $175,000.

Pursuant to the aforementioned stipulation, a bench trial took place on Plaintiffs' claim for uninsured motorist coverage against Auto Club in Count I and Plaintiffs' claim for wrongful death against Johnson in Count III.  Following argument by Auto Club, the trial court maintained its ruling that Auto Club would not be permitted to introduce evidence contesting Johnson's liability for Decedent's death.

Over Auto Club's objections, Plaintiffs submitted their evidence against Johnson and Auto Club, which consisted of Johnson's alleged admissions resulting from her failure to

---

[5] Auto Club's proposed jury instruction defined the phrase "uninsured motor vehicle" and specifically provided:
> Your verdict must be for Plaintiff[s] if you believe:
> First, [ ] Johnson was the operator of an uninsured motor vehicle, and
> Second, [ ] Johnson failed to keep a careful lookout, [and]
> Third, [ ] Johnson was thereby negligent, and
> Fourth, as a direct result of such negligence, Plaintiffs sustained damages, [and]
> Fifth, a policy providing uninsured motorist coverage for [P]laintiff[s] existed at the time of the occurrence.

respond to the petition, her failure to respond to Plaintiffs' requests for admissions, and her failure to respond to Plaintiffs' statement of facts in support of their motion for partial summary judgment. At the close of Plaintiffs' evidence, Auto Club moved for a directed verdict on Count I, arguing "Plaintiff[s] ha[ve] not provided any admissible evidence against [ ] Auto Club that [ ] Johnson is legally liable [for Decedent's death]." The trial court denied Auto Club's motion for a directed verdict.

Auto Club then attempted to offer evidence contesting Johnson's liability. Plaintiffs objected to the introduction of the evidence, Auto Club made an offer of proof in which it presented evidence allegedly showing Johnson was not negligent,[6] and the trial court sustained Plaintiffs' objections. Auto Club moved for a directed verdict at the close of all of the evidence, and the trial court denied the motion.

The trial court then entered a judgment awarding Plaintiffs damages in the amount of $175,000, post-judgment interest, and costs on Plaintiffs' claim for uninsured motorist coverage against Auto Club in Count I and Plaintiffs' claim for wrongful death against Johnson in Count III. Subsequently, Auto Club filed a motion for a new trial asserting, (1) the trial court erred by not allowing Auto Club to present evidence challenging the liability of Johnson; (2) Plaintiffs did not provide any admissible evidence against Auto Club that Johnson is legally liable for Decedent's death; and (3) the trial court erred in ruling it would accept Plaintiffs' proposed jury instruction and reject Auto Club's proposed jury instruction. The trial court denied Auto Club's motion, and Auto Club filed the instant appeal.

---

[6] Auto Club alleges deposition testimony from a passenger in Johnson's vehicle and two officers would show that, at the time of the incident, Johnson was obeying all traffic laws; she was driving carefully and prudently; she was not under the influence of alcohol or drugs; she was not on a cell phone; and she did not have time to identify that Decedent was in the roadway and take evasive action to avoid striking Decedent.

## II. DISCUSSION

Auto Club raises a total of three points on appeal arguing the trial court's judgment in favor of Plaintiffs was erroneous.

### A. Standard of Review

Our Court reviews a trial court's judgment in a court-tried case pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Harris v. Harris*, 663 S.W.3d 905, 908 (Mo. App. E.D. 2023). Consequently, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id*.

### B. Auto Club's First and Second Points on Appeal

In Auto Club's first and second points, it argues the trial court erred in denying Auto Club the opportunity to contest Johnson's liability. For the reasons discussed below, we agree.

Here, Auto Club was named as a party-defendant in Plaintiffs' petition. It is undisputed that if Auto Club was *not* named as a party-defendant, it would have the absolute right to intervene in an action between Plaintiffs and Johnson under Rule 52.12(a)(2)[7] and contest Johnson's liability, even though she was in default by failing to answer or appear.[8] *See, e.g., Charles v. Consumers Ins.*, 371 S.W.3d 892, 895-96, 897-903 (Mo. App. W.D. 2012)

---

[7] Rule 52.12(a)(2), titled "Intervention of Right," provides in relevant part that:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(emphasis omitted).

[8] The parties dispute whether Auto Club had the absolute right to intervene in Count III against Johnson pursuant to Rule 52.12(a)(2) under the circumstances of this case, where Auto Club was named as a party-defendant to Count I. We need not decide this issue, because our holding that the trial court erred in denying Auto Club the opportunity to contest Johnson's liability as a named party-defendant to Count I is dispositive of Auto Club's first and second points on appeal.

(superseded by statute on other grounds); *Stafford v. Kite*, 26 S.W.3d 277, 278, 279-82 (Mo. App. W.D. 2000); *Alsbach v. Bader*, 616 S.W.2d 147, 149-55 (Mo. App. E.D. 1981) (abrogated on other grounds); *see also* Rule 52.12(a)(2); *KNT Management, LLC v. Flenoid*, 419 S.W.3d 897, 899 (Mo. App. E.D. 2014) (holding a party defaults by failing to answer or appear).

Missouri Courts have repeatedly held an uninsured motorist carrier has an absolute right to intervene in an action brought by its policyholders against a sole-defendant-uninsured motorist-tortfeasor and contest the issues of liability and damages because the carrier has the potential to be bound by determinations of those issues against the tortfeasor. *Charles*, 371 S.W.3d at 895-96; 898; *Stafford*, 26 S.W.3d at 278, 279-81; *see also Alsbach*, 616 S.W.2d at 149-55. When an uninsured motorist carrier pursues intervention, the carrier "steps into the shoes of the alleged tortfeasor and assumes an adversarial position to that of the insured." *Charles*, 371 S.W.3d at 898. Moreover, Missouri case law has rejected arguments that these circumstances create an impermissible conflict of interest barring intervention. *See Alsbach*, 616 S.W.2d at 153-54; *see also Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719-20 (Mo. banc 1979).

Importantly, as held by our Court in *Potts v. Pennco, Inc.*, an uninsured motorist carrier who is named as a defendant by a plaintiff – as Auto Club is here – is permitted to raise the same defenses it could have raised as an intervening defendant, including contesting the issues of liability and damages. 708 S.W.2d 222, 224-25 (Mo. App. E.D. 1986); *see also Charles*, 371 S.W.3d at 898, 895-96; *Stafford*, 26 S.W.3d at 279-81; *Alsbach*, 616 S.W.2d at 149-55. This holding, and the *Potts* case in general, is instructive here.

In *Potts*, a plaintiff involved in a motor vehicle accident filed suit against an uninsured motorist and the plaintiff's uninsured motorist carrier Preferred Risk. 708 S.W.2d at 223-24.

8

The plaintiff moved for a "default and inquiry"[9] against the uninsured motorist due to his failure to answer plaintiff's amended petition, without notice to Preferred Risk, and the trial court granted the plaintiff's motion. *Id*. at 224. Preferred Risk then filed a motion requesting three alternative forms of relief: the grant of motion to intervene on the count against the uninsured motorist; a ruling allowing Preferred Risk to contest the uninsured motorist's liability in its own name; or the grant of a motion to set aside the uninsured motorist's default. *Id*. The trial court denied Preferred Risk's motion. *Id*. The jury was then instructed that the uninsured motorist was liable to the plaintiff, and, therefore, if the uninsured motorist was uninsured, the jury was to find against Preferred Risk. *Id*. The jury found in favor of the plaintiff and against Preferred Risk for the limit of its uninsured motorist coverage, and Preferred Risk appealed.

On appeal, this Court explained that in order for a plaintiff to recover against an uninsured motorist carrier on a claim for uninsured motorist coverage, the plaintiff must show, (1) the uninsured motorist was liable to the plaintiff, i.e., that the uninsured motorist was negligent or at fault; (2) the amount of such liability, i.e., damages; and (3) the uninsured motorist was uninsured. *Id*.; *see also Kesterson v. Wallut*, 157 S.W.3d 675, 685-86 (Mo. App. W.D. 2004). Our Court found that regardless of whether an uninsured motorist carrier is an intervening defendant or a defendant named by a plaintiff, the carrier has the right not to be bound by any decision against the uninsured motorist as to elements (1) and (2) (liability and damages), without notice of the litigation and the opportunity to control it. 708 S.W.2d at 224-25 (citing, *inter alia*, *Wells v. Hartford Acc. & Indem. Co.*, 459 S.W.2d 253, 259 (Mo. banc

---

[9] A plaintiff may obtain a "default and inquiry" against a defendant when the defendant fails to timely answer or otherwise respond to a plaintiff's original or amended petition or when a defendant fails to timely and completely answer a plaintiff's interrogatories. *See Kiser v. Wideman*, 403 S.W.3d 130, 131 (Mo. App. E.D. 2013) (original petition); *Potts*, 708 S.W.2d at 224 (amended petition); *Bussmann v. Bussmann*, 573 S.W.2d 462, 462-63 (Mo. App. 1978) (interrogatories). A "default and inquiry" is essentially an interlocutory order of default and is not tantamount to a default judgment which precludes evidence on the merits of a plaintiff's case. *See Kiser*, 403 S.W.3d at 131; *Bussmann*, 573 S.W.2d at 463.

9

1970) (overruled on other grounds)). Accordingly, the *Potts* Court held the trial court erred in denying Preferred Risk the opportunity to contest the uninsured motorist's liability and in binding Preferred Risk to the default of the uninsured motorist, and we reversed and remanded the judgment as to Preferred Risk. 708 S.W.2d at 224-25.

Here, like the uninsured motorist carrier in *Potts*, Auto Club attempted to contest Johnson's liability and asserted it should not be bound by any filing or decision against Johnson. Auto Club repeatedly and consistently raised these issues in its answer, its motion to intervene, its motion to reconsider the denial of its motion to intervene, its response to Plaintiffs' motion for partial summary judgment against Johnson, its proposed jury instruction, its arguments at trial including in its motions for directed verdict and its offer of proof, and in its motion for a new trial. Under these circumstances, and pursuant to the reasoning of our Court's decision in *Potts*, the trial court erred in denying Auto Club the opportunity to contest Johnson's liability. *Id*.

Plaintiffs argue Auto Club was foreclosed from contesting Johnson's liability because Auto Club was bound by Johnson's alleged admissions via her failure to respond to Plaintiffs' petition, requests for admissions, and motion for partial summary judgment. For the reasons discussed below, we disagree.

"The general rule is that the admissions of a defendant are not admissible against his [or her] codefendants unless they consent thereto, adopt the statements as their own, or . . . there is privity between the defendant making the admission and the codefendants." *Truck Ins. Exchange v. Hunt*, 590 S.W.2d 425, 432 (Mo. App. S.D. 1979) (citation omitted); *see also Gordon v. Oidtman*, 692 S.W.2d 349, 355 (Mo. App. W.D. 1985); *Bell v. United Parcel Services*, 724 S.W.2d 682, 685 (Mo. App. E.D. 1987). This rule applies to admissions made by a defendant with respect to, *inter alia*, a plaintiff's petition, requests for admissions, and motion

10

for summary judgment.  *See id*.; *Fawkes v. National Refining Co.*, 108 S.W.2d 7, 9-10 (Mo. 1937) (petition); *Duvall v. Maxey*, 249 S.W.3d 216, 223 (Mo. App. W.D. 2008) (requests for admissions); *Jackson v. City of Blue Springs*, 904 S.W.2d 322, 337 (Mo. App. W.D. 1995) (summary judgment).

Here, Auto Club's repeated attempts to contest Johnson's liability and its repeated assertions that it should not be bound by any filing or decision against Johnson demonstrate that Auto Club was not consenting to or adopting any alleged admissions made by Johnson.  In addition, there is no suggestion in the record that Auto Club and Johnson were in privity. Accordingly, Plaintiffs' argument that Auto Club was bound by Johnson's alleged admissions via her failure to respond to Plaintiffs' petition, requests for admissions, and motion for partial summary judgment lacks merit pursuant to the general rule that the admissions of one defendant are not admissible against his or her co-defendant.  *See id*.[10]

Based on the foregoing, Auto Club's first and second points on appeal are granted.

## C.     Auto Club's Third Point on Appeal

In Auto Club's third and final point on appeal, it contends the trial court erred in accepting Plaintiffs' proposed jury instruction and rejecting Auto Club's proposed jury instruction. When instructional error is alleged on appeal and the case is being remanded on another ground, the "[t]he question of instructional error turns on what evidence, if any, is presented at trial tending to show [a particular issue] [and] need not be addressed."  *Catlett v. Illinois Cent. Gulf R. Co.*, 793 S.W.2d 351, 354 (Mo. banc 1990).  In light of our reversal and

---

[10] We note Auto Club is not bound by Johnson's failure to respond to Plaintiffs' requests for admissions for the additional reason that, (1) Johnson was in default by failing to answer Plaintiffs' petition or appear; and (2) the circumstances of the case indicated she would continue to default. *See KNT Management*, 419 S.W.3d at 899. "When[, as here,] a party has already defaulted and the facts lead one to conclude that such party will continue to default, there is no discovery purpose in sending requests for admissions to the defaulting party.  In such a context, failures to answer requests for admission[s] [ ] have no evidentiary value." *Duvall*, 249 S.W.3d at 223.

11

remand with respect to Auto Club's first and second points on appeal, the issue of alleged instructional error need not be addressed in that it depends on, (1) whether a jury trial occurs upon remand; and (2) if a jury trial does occur upon remand, what evidence, if any, is presented concerning Johnson's liability. *See id*. Therefore, Auto Club's third point on appeal is denied.

## III. CONCLUSION

We reverse the trial court's judgment awarding Plaintiffs damages in the amount of $175,000, post-judgment interest, and costs on Plaintiffs' claim for uninsured motorist coverage against Auto Club in Count I and Plaintiffs' claim for wrongful death against Johnson in Count III, and we remand for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Judge

Angela T. Quigless, P.J., and
Sherri B. Sullivan, J., concur.